No. 83–1759. ROHRER, HIBLER & REPLOGLE, INC. *v.* PERKINS. C. A. 7th Cir. Certiorari denied. JUSTICE STEVENS took no part in the consideration or decision of this petition.

JUSTICE WHITE, with whom JUSTICE BLACKMUN joins, dissenting.

In 1977, respondent, Dr. Robert Perkins, signed a contract of employment with petitioner Rohrer, Hibler & Replogle, Inc. The contract provided that the Circuit Court of Cook County, Ill., would have jurisdiction over any disputes that might arise between the parties. In 1983, such a dispute arose, and petitioner filed suit against respondent in the Cook County Circuit Court. Respondent removed the suit to the United States District Court for the Northern District of Illinois on grounds of diversity. Arguing that the contract required that the dispute be adjudicated in the Cook County court, petitioner filed a motion to remand to the state court. The District Court denied the motion on the ground that the contractual provision was not a mandatory forum selection clause, and petitioner attempted to appeal the ruling.

The Seventh Circuit held that it lacked jurisdiction to hear an interlocutory appeal from the denial of the motion to remand. 728 F. 2d 860. The court rejected petitioner's theory that the order was appealable under 28 U. S. C. § 1291 because it fell into "that small class [of orders] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen* v. *Beneficial Industrial Loan Corp.*, 337 U. S. 541, 546 (1949). The court noted that there was no reason to believe that the order would be effectively unreviewable on appeal from final judgment. The court also declined to hold the order reviewable under the All Writs Act, 28 U. S. C. § 1651, on the ground that a petition for a writ of mandamus may not be used as a substitute for an appeal. Finally, the court held that the order was not reviewable under 28 U. S. C. § 1292(a) (1), which allows appeals from interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." Petitioner contended that this provision was applicable by virtue of *Enelow* v. *New York Life Ins. Co.*, 293 U. S. 379 (1935), and *Ettelson* v. *Metropolitan Life Ins. Co.*, 317 U. S. 188 (1942), which hold that a stay issued to allow consideration of an equitable defense is an "injunction" for purposes of § 1292(a)(1). The Seventh Circuit pointed out, however, that remanding a case to a state court was not the equivalent of issuing a stay; accordingly, the denial of the motion was not appealable under § 1292(a)(1).

In short, the Seventh Circuit held that a district court's interlocutory order declining to give effect to a contractual forum selection clause is not an appealable order under 28 U. S. C. § 1291. This holding appears to place the Seventh Circuit in direct conflict with the Third Circuit, which held a similar order appealable in *Coastal Steel Corp.* v. *Tilghman Wheelabrator Ltd.*, 709 F. 2d 190, cert. denied, 464 U. S. 938 (1983). In *Coastal Steel*, the District Court denied defendant's motion to dismiss a contract action on the basis of a contractual provision calling for litigation of any claims under the contract in an English court. The Third Circuit held that it had jurisdiction to hear the appeal under either the *Cohen* v. *Beneficial Industrial Loan Corp.* exception to § 1291's finality requirement, the All Writs Act, or § 1292(a)(1) as interpreted in *Enelow* and *Ettelson, supra.*

There is no meaningful distinction between this case and *Coastal Steel*. Indeed, the Seventh Circuit recognized as much when it declined even to attempt to distinguish the holding of the *Coastal Steel* majority. That the forum selection clause in *Coastal Steel* specified a foreign court while the one at issue here designates a domestic forum is of little moment: in both cases, denying immediate review would simply postpone the decision whether the contract requires litigation in another forum until after a trial on the merits. In neither case is the order more or less meaningfully reviewable on appeal from final judgment than in the other. The conflict created by the Third Circuit's decision in this case is inescapable, and this petition should be granted to resolve it. Accordingly, I dissent from the denial of certiorari.