844 F.2d 50
 1988 A.M.C. 1603, 56 USLW 2591
 Sophie CHASSER, Anna Schneider, Ilsa Klinghoffer and Lisa
Klinghoffer, as Co-Executrixes of the Estate of Leon and
Marilyn Klinghoffer, Viola Meskin, Seymour Meskin, Sylvia
Sherman, Paul Weltman, Evelyn Weltman, Donald E. Saire and
Anna G. Saire, Plaintiffs-Appellees,
v.
ACHILLE LAURO LINES, the Lauro Lines s.r.l., Flotto Achille,
Chandris Cruise Lines, ABC Tours Travel Club, S.N.C. Achille
Lauro Ed Altri-Gestione Motonave Achille Lauro In
Amministrazione Straordinaria, Commissario of the Flota
Achille Lauro in Amministrazione Straordinaria, Chandris
(Italy) Inc., Port of Genoa, Italy, Club ABC Tours, Inc.,
and Crown Travel Service, Inc., d/b/a Rona Travel and/or
Club ABC Tours, Defendants,
Lauro Lines s.r.l., Chandris Cruise Lines, Club ABC Tours,
Inc., Crown Travel Service, Inc., d/b/a Rona
Travel, and/or Club ABC Tours, and Club
ABC Tours, Inc., Defendants-Appellants.
 Nos. 87-9081, 87-9083, 87-9085, 87-9087, 87-9089 and 87-9091.
 United States Court of Appeals,
Second Circuit.
 Argued Feb. 16, 1988.
Decided April 7, 1988.
 
 Morris J. Eisen, P.C., Arthur M. Luxemberg, New York City, for plaintiffs-appellees Sophie Chasser, Anna Schneider, Viola Meskin, Seymour Meskin, Sylvia Sherman, Paul Weltman, and Evelyn Weltman.
 Jay D. Fischer, Fischer, Kagan, Ascione & Zaretsky, New York City, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for Klinghoffer plaintiffs-appellees.
 William P. Larsen, Jr., Charles D. Cole, Jr., Newman, Schlau, Fitch & Burns, P.C., New York City, for Saire plaintiffs-appellees.
 Raymond A. Connell, Healy & Baillie, New York City, for defendant-appellant Lauro Lines s.r.l.
 Kirlin, Campbell & Keating, Daniel J. Dougherty, New York City, for defendant-appellant Chandris Cruise Lines.
 Rubin, Hay & Gould, P.C., Rodney E. Gould, Framingham, Mass., A. George Koevary, Parker & Duryee, New York City, for defendant-appellant Crown Travel Service, Inc., d/b/a Rona Travel and/or Club ABC Tours.
 Before KEARSE and MAHONEY, Circuit Judges, and GLASSER, District Judge.*
 KEARSE, Circuit Judge:
 
 
 1
 Defendants Lauro Lines s.r.l. ("Lauro"), et al., appeal from an interlocutory order of the United States District Court for the Southern District of New York, Louis L. Stanton, Judge, denying Lauro's motion to dismiss the present actions on the basis of forum-selection clauses in the ticket agreements between Lauro, owner of the cruise ship ACHILLE LAURO, and plaintiffs, who were or represent passengers on the ACHILLE LAURO. The clauses provided that any suit by passengers against Lauro was to be brought in Naples, Italy. Plaintiffs have moved to dismiss the appeals for lack of appellate jurisdiction. For the reasons below, we grant the motion.
 
 BACKGROUND
 
 2
 Plaintiffs, citizens and residents of the United States, were passengers, or are the executrices of the estates of persons who were passengers, aboard the ACHILLE LAURO on a Mediterranean cruise in October 1985 when it was hijacked by terrorists of the Palestine Liberation Organization ("PLO"). The passengers were held captive and terrorized by the PLO, and they have brought the present actions, informally consolidated below, to recover damages for physical and psychological injuries and for the wrongful death of Leon Klinghoffer.
 
 
 3
 Lauro moved to dismiss the actions on several grounds, including the ground that a forum-selection clause in each passenger ticket required plaintiffs to bring these suits in Naples. The district court denied the motion to dismiss. With respect to the forum-selection clause, the court stated that the touchstone for enforceability was "whether the ticket reasonably communicates the importance of its contract provision." Transcript dated October 21, 1987 ("Tr."), at 3. The court described the "cover reference" to the forum clause as "unobtrusive" and noted that the clause itself appeared in "tiny type." Id. at 4. Further, the court noted that though the ticket provided that the passenger " 'specifically approves' " certain clauses, the forum-selection clause was not among them. Id. at 5. In addition, though there was a place for the passenger's signature at the bottom of the contract, apparently none of the tickets was signed. In sum, while the district court termed the question of adequacy of notice a close one as to which reasonable persons might differ, id. at 4, it concluded that "as a whole ... the ticket does not give fair warning to the American citizen passenger that he or she is renouncing and waiving his or her opportunity to sue in a domestic forum over a contract made and delivered in the United States," id. at 5. Accordingly, the court denied the motion to dismiss.
 
 
 4
 Lauro and two other defendants have appealed the court's refusal to dismiss on the basis of the forum-selection clause. Plaintiffs have moved to dismiss the appeals on the ground that the denial of the motion for dismissal is an interlocutory order that is not appealable under 28 U.S.C. Sec. 1291 (1982). Lauro, which made no effort to have the court's denial on forum-selection grounds certified for immediate appeal pursuant to 28 U.S.C. Sec. 1292(b) (1982), argues that that denial is a final order insofar as it determines where the litigation will be conducted and that it is immediately appealable under Sec. 1291 pursuant to the Cohen doctrine, Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). We conclude that the order is not appealable and we therefore dismiss the appeals.
 
 DISCUSSION
 
 5
 Section 1291 gives the courts of appeals jurisdiction to review "final decisions" of the district courts. 28 U.S.C. Sec. 1291. The district court's denial of a motion to dismiss, which leaves the controversy pending, is not, technically, a final decision within the meaning of this section. See, e.g., Catlin v. United States, 324 U.S. 229, 236, 65 S.Ct. 631, 635, 89 L.Ed. 911 (1945). The Cohen doctrine, on which Lauro here relies, is a judicially created exception that allows an immediate appeal from certain orders that are collateral to the merits of the litigation and that cannot be reviewed adequately after final judgment. As the Supreme Court has described it,
 
 
 6
 [t]he collateral order doctrine is a "narrow exception," ... whose reach is limited to trial court orders affecting rights that will be irretrievably lost in the absence of an immediate appeal. See Helstoski v. Meanor, 442 U.S. 500, 506-508 [99 S.Ct. 2445, 2448-49, 61 L.Ed.2d 30] (1979); Abney v. United States, 431 U.S. 651, 660-662 [97 S.Ct. 2034, 2040-41, 52 L.Ed.2d 651] (1977). To fall within the exception, an order must at a minimum satisfy three conditions: It must "conclusively determine the disputed question," "resolve an important issue completely separate from the merits of the action," and "be effectively unreviewable on appeal from a final judgement."
 
 
 7
 Richardson-Merrell Inc. v. Koller, 472 U.S. 424, 430-31, 105 S.Ct. 2757, 2761, 86 L.Ed.2d 340 (1985) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978)).
 
 
 8
 The narrowness of the collateral order doctrine reflects judicial deference to Congress's preference against piecemeal appeals, as well as the recognition that judicial efficiency may be promoted by the denial of interim review because some interlocutory orders will have become moot by the time a final judgment is entered, either because the order is modified prior to final judgment, or because the party disadvantaged by the interlocutory order prevails in the action, or for some other reason. See, e.g., Stringfellow v. Concerned Neighbors In Action, --- U.S. ----, 107 S.Ct. 1177, 1184, 94 L.Ed.2d 389 (1987) ("Stringfellow"); Mitchell v. Forsyth, 472 U.S. 511, 544, 105 S.Ct. 2806, 2825, 86 L.Ed.2d 411 (1985) (Brennan, J., concurring in part and dissenting in part). The Court has made it clear that when an interlocutory order will be reviewable on appeal from a final judgment, the mere fact that ultimately it might appear that an interim reversal would have been more efficient, or that the party against whom the order is entered may have difficulty in persuading the appellate court to reverse after a final judgment, is not a reason to grant immediate review. In Stringfellow, for example, a party that had been allowed to intervene in an action on condition, inter alia, that it not assert new claims sought to appeal immediately from the imposition of conditions on its intervention. Though it conceded that it would have the right to review of the conditions upon appeal from the final judgment, it argued that the practicalities of complex and protracted litigation would make an appellate court reluctant to vacate the judgment on the basis of an erroneous intervention order. The Court was unpersuaded that this consideration should lead to disregard of the Cohen requirement of effective unreviewability on appeal from final judgment. As the Court succinctly stated in Richardson-Merrell Inc. v. Koller, "the possibility that a ruling may be erroneous and may impose additional litigation expense is not sufficient to set aside the finality requirement imposed by Congress." 472 U.S. at 436, 105 S.Ct. at 2764.
 
 
 9
 This Court too has generally been reluctant to apply the Cohen doctrine in an expansive fashion, "lest this exception swallow the salutory 'final judgment' rule." Weight Watchers v. Weight Watchers Int'l, Inc., 455 F.2d 770, 773 (2d Cir.1972); see, e.g., Richardson Greenshields Securities, Inc. v. Lau, 825 F.2d 647, 651 (2d Cir.1987); Carlenstolpe v. Merck & Co., 819 F.2d 33, 35-36 (2d Cir.1987); United States Tour Operators Ass'n v. Trans World Airlines, 556 F.2d 126, 128 (2d Cir.1977). For example, our decisions indicate that this doctrine does not permit immediate appeals pursuant to Sec. 1291 from orders denying motions to dismiss on grounds of improper venue, see A. Olinick & Sons v. Dempster Bros., Inc., 365 F.2d 439, 442-44 (2d Cir.1966), or forum non conveniens, see Carlenstolpe v. Merck & Co., 819 F.2d at 35-36.
 
 
 10
 We have not previously considered the applicability of the Cohen doctrine to the denial of a motion to dismiss on the basis of a contractual forum-selection clause. Some of our sister circuits have concluded that such a denial is immediately appealable, see Farmland Industries v. Frazier-Parrott Commodities, 806 F.2d 848, 850-51 (8th Cir.1986); Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 193-97 (3d Cir.) ("Coastal Steel"), cert. denied, 464 U.S. 938, 104 S.Ct. 349, 78 L.Ed.2d 315 (1983), while others have concluded that it is not, see Louisiana Ice Cream Distributors v. Carvel Corp., 821 F.2d 1031, 1032-34 (5th Cir.1987); Rohrer, Hibler & Replogle, Inc. v. Perkins, 728 F.2d 860, 862 (7th Cir.), cert. denied, 469 U.S. 890, 105 S.Ct. 265, 83 L.Ed.2d 201 (1984). We are persuaded that the latter view is correct because we believe the refusal to dismiss on forum-selection grounds is not "effectively unreviewable on appeal from a final judgment."
 
 
 11
 The Third Circuit in Coastal Steel came to the conclusion that the district court's refusal to enforce a contractual forum-selection clause was unreviewable on appeal from a final judgment because 28 U.S.C. Sec. 2105 (1982) provides that "[t]here shall be no reversal in the Supreme Court or a court of appeals for error in ruling upon matters in abatement which do not involve jurisdiction." We do not agree that Sec. 2105 makes a refusal to enforce a forum-selection clause unreviewable after final judgment or, if it did have that effect, that it would allow such a refusal to be reviewed at an earlier stage.
 
 
 12
 If Sec. 2105 were to be taken literally and did preclude review of such denials after final judgment, we would be at a loss to understand how there could properly be interim review any more than review after final judgment, for "no reversal" has a rather categorical flavor. Coastal Steel's rationale was that Sec. 2105 could not have been intended to preclude interim review pursuant to the collateral order doctrine because that doctrine had not been devised in 1789 when the first progenitor of Sec. 2105 was adopted. See 709 F.2d at 196. We find this rationale unpersuasive for two reasons. First, if Congress has indeed made a certain type of order immune from review, the courts simply are not free to ignore the congressional limitation. See, e.g., Thermtron Products, Inc. v. Hermansdorfer, 23 U.S. 336, 343, 96 S.Ct. 584, 589, 46 L.Ed.2d 542 (1976) (order remanding removed action to state court on grounds provided in 28 U.S.C. Sec. 1447(c) (1982) is made unreviewable by id. Sec. 1447(d), and thus may not be reviewed). Second, the Cohen doctrine, which interprets finality within the meaning of Sec. 1291, is concerned with the timing of review; it assumes reviewability in principle and focuses on the practical difficulties entailed by postponement of review. The doctrine has not, to our knowledge, been used to review at any time an order of a type that Congress has made unreviewable in principle.
 
 
 13
 Further, assuming that Sec. 2105 applies to forum selection motions, if the section were taken literally, it would forbid review of even the granting of a motion to dismiss on forum-selection-clause grounds, for that section does not forbid reversals just of denials of motions in abatement; it forbids reversals of any nonjurisdictional "ruling" upon a matter in abatement. We have seen no authority supporting the proposition that such a dismissal, which would, of course, be a final decision in the litigation, is unreviewable.
 
 
 14
 It appears to us, however, that Sec. 2105 is not to be taken literally. Commentators have called it "one of the most commonly ignored provisions of the Judicial Code," noting that its "most important feature ... is certainly its disuse." 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure Sec. 3903, at 412, 413 (1976). This seems an accurate observation, for assuming, as did Coastal Steel, 709 F.2d at 196, that "matters in abatement" means any (nonjurisdictional) ground for dismissal that would leave the parties free to pursue the suit in another forum, that category would appear to encompass matters such as motions to dismiss on grounds of improper venue or forum non conveniens; yet both grants and denials of those motions are commonly thought to be reviewable on appeal from final judgment. See, e.g., Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241, 102 S.Ct. 252, 258, 70 L.Ed.2d 419 (1981) (review of grant of forum non conveniens motion); Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947) (same); In re Air Crash Disaster, 821 F.2d 1147, 1166-68 (5th Cir.1987) (en banc) (reviewing denial of motion to dismiss for forum non conveniens), petition for cert. filed (U.S. Nov. 6, 1987) (No. 87-750); Carlenstolpe v. Merck & Co., 819 F.2d at 35-36; Denver & Rio Grande Western Railroad Co. v. Brotherhood of Railroad Trainmen, 387 U.S. 556, 87 S.Ct. 1746, 18 L.Ed.2d 954 (1967) (review of denial of motion to dismiss for improper venue); Gill v. United States, 184 F.2d 49, 50-51 (2d Cir.1950) (same); Corke v. Sameiet M.S. Song of Norway, 572 F.2d 77 (2d Cir.1978) (reviewing denial of motion to transfer venue); Central Valley Typographical Union, No. 46 v. McClatchy Newspapers, 762 F.2d 741, 744-46 (9th Cir.1985) (reviewing both grant by first district court of a motion to transfer venue and denial by transferee district court of a motion to transfer to a third district).
 
 
 15
 We see no reason why denial of a motion to dismiss on the basis of a contractual forum-selection clause should be any less subject to correction upon appeal from a final judgment than are denials of motions for dismissal on grounds of improper venue or of forum non conveniens. The Supreme Court has held that a forum-selection clause in a commercial agreement "should control absent a strong showing that it should be set aside." The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972); see Scherk v. Alberto-Culver Co., 417 U.S. 506, 519, 94 S.Ct. 2449, 2457, 41 L.Ed.2d 270 (1974). Such a clause thus grants an important right that should be recognized unless the party resisting enforcement shows the clause to be unreasonable. We would think, therefore, that if the district court has erroneously failed to enforce such a clause, its order may be reversed when the judgment is finally appealed.
 
 
 16
 Perhaps the most pertinent case decided by our Court is Avis Rent A Car System, Inc. v. Garage Employees Union, Local 272, 791 F.2d 22 (2d Cir.1986), an appeal from a final judgment enforcing an arbitration award. The ground of the appeal was that the district court had refused to enforce a contract provision that required arbitrators to be selected in a certain way from among a certain group. Noting that "analogous contractual forum selection clauses are ordinarily binding and enforceable unless the party resisting them ... shows them to be unreasonable," id. at 26, and ruling that no showing of prejudice was required by the party seeking enforcement of the clause, we reversed the judgment enforcing the award entered by the "wrong" arbitrator, and we remanded for entry of an order directing the parties to place their dispute before an arbitrator called for by the contract. Plainly, therefore, in the context of arbitration clauses, which are a type of forum-selection clause, this Court has viewed the refusal to enforce as a matter that is fully reviewable on appeal from the final judgment.
 
 
 17
 We reject Lauro's suggestion that the right granted in a forum-selection clause, if enforceable, must be vindicated immediately or it is lost. It is a right to have the binding adjudication of claims occur in a certain forum; it is not a right of the same magnitude as a constitutional right to be free from double jeopardy, see Abney v. United States, 431 U.S. at 660-62, 97 S.Ct. at 2040-41 or the right to be free of any trial whatever, see Mitchell v. Forsyth, 472 U.S. at 530, 105 S.Ct. at 2817 (qualified governmental immunity); Helstoski v. Meanor, 442 U.S. at 506-08, 99 S.Ct. at 2448-49 (Speech and Debate immunity). The rights to escape any trial or any further trial are rights that would be lost unless vindicated at a pretrial stage. In contrast, the right to secure adjudication in a particular forum is not lost simply because enforcement is postponed. And, as noted above, the fact that postponing review may entail additional litigation expense has been explicitly rejected by the Supreme Court as a basis for immediate appeal.
 
 
 18
 Since we conclude that the district court's denial of Lauro's motion to dismiss on the basis of the forum-selection clause in the passenger tickets will be effectively reviewable on appeal from final judgment, we need not decide whether the first two Cohen requirements are met. We conclude that the order at issue here is not appealable under the collateral order doctrine.
 
 
 19
 Our recent decision in Karl Koch Erecting Co. v. New York Convention Center Development Corp., 838 F.2d 656 (2d Cir.1988), does not suggest a contrary result. In Karl Koch, we held, relying on Pelleport Industries v. Budco Quality Theatres, 741 F.2d 273, 278 (9th Cir.1984), that a district court's enforcement of a contractual forum-selection clause, by remanding a removed action to state court, was appealable under the Cohen doctrine. Unlike a refusal to enforce, with which we are presented here, the Karl Koch enforcement finally decided the forum-selection issue in a way that made the decision unreviewable on appeal from the final judgment simply because the litigation was no longer proceeding in federal court.
 
 
 20
 Finally, we reject Lauro's fall-back suggestion that we have jurisdiction of these appeals under 28 U.S.C. Sec. 1292(a)(1) (1982). That section allows appeals of interlocutory orders that grant or deny (or otherwise deal with) injunctions. We do not regard the denial of a motion to dismiss on forum-selection grounds as the equivalent of the denial of a motion for an injunction within the meaning of Sec. 1292(a)(1). Further, even if such a denial were tantamount to the denial of injunctive relief, we would grant the present motion to dismiss, for the Supreme Court "has made it clear that not all denials of injunctive relief are immediately appealable; a party seeking review also must show that the order will have a ' "serious, perhaps irreparable, consequence," and that the order can be "effectually challenged" only by immediate appeal.' " Stringfellow, 107 S.Ct. at 1184 (quoting Carson v. American Brands, Inc., 450 U.S. 79, 84, 101 S.Ct. 993, 997, 67 L.Ed.2d 59 (1981) (quoting Baltimore Contractors, Inc. v. Bodinger, 348 U.S. 176, 181, 75 S.Ct. 249, 252-53, 99 L.Ed. 233 (1955))) (emphasis ours). See also Gulfstream Aerospace Corp. v. Mayacamas Corp., --- U.S. ----, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988). Since, for the reasons discussed above, we have concluded that meaningful appellate review of the present order will be available after final judgment, assuming that judgment is adverse to Lauro, Sec. 1292(a)(1) provides no basis for immediate appeal of the present order.
 
 CONCLUSION
 
 21
 We have considered all of Lauro's arguments in support of immediate appealability and have found them to be without merit. The appeals are dismissed.
 
 
 
 *
 Judge of the United States District Court for the Eastern District of New York, sitting by designation