905 F.2d 1272
 16 Fed.R.Serv.3d 1253
 The ESTATE OF George Augustus BISHOP, By and Through its
duly appointed Executrix, Pearl Kathleen BISHOP;
Pearl Kathleen Bishop, Plaintiffs-Appellants,
v.
BECHTEL POWER CORPORATION, also known as Bechtel Power
Corporation and Affiliated Interests; Connecticut General
Life Insurance Company; Kathleen Susan Campbell and Karen
Louise Drake (daughters and heirs of George Augustus
Bishop), Defendants-Appellees.
 No. 89-55018.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 9, 1990.
Decided June 8, 1990.
 
 Lee W. Landrum, Carlsbad, Cal., for plaintiffs-appellants.
 Donald A. Newman, Thelen, Marrin, Johnson & Bridges, Los Angeles, Cal., for defendant-appellee Bechtel Power Corp.
 Mark B. Bennett, McMenamin & Hackworth, San Diego, Cal., for defendant-appellee Connecticut Gen. Life Ins. Co.
 Appeal from the United States District Court for the Southern District of California.
 Before HUG, SCHROEDER and HALL, Circuit Judges.
 CYNTHIA HOLCOMB HALL, Circuit Judge:
 
 
 1
 The plaintiffs in a employee disability insurance dispute timely appealed the district court's orders denying remand to state court and imposing sanctions against their attorney. We dismiss for lack of appellate jurisdiction.
 
 
 2
 * On May 5, 1987, George and Pearl Bishop filed an action in California state court against Mr. Bishop's former employer, appellee Bechtel Power Corporation ("Bechtel") and Bechtel's carrier of long term employee disability insurance, appellee Connecticut General Life Insurance Company ("CIGNA"). The lawsuit ("Bishop I ") staked out nine claims for relief under state law.[1] One month later, the defendants removed the case to federal district court.
 
 
 3
 The following week, both Bechtel and CIGNA moved for dismissal under Federal Rule of Civil Procedure 12(b)(6) on the ground that all nine of the Bishops' claims were preempted by the Employee Retirement Income Security Act of 1984, 29 U.S.C. Secs. 1131 et seq. [hereinafter ERISA]. Bechtel also moved for the imposition of sanctions against the Bishops' counsel, Lee Landrum. The Bishops responded by filing a motion to remand, contending that ERISA did not preempt their sixth cause of action--the alleged violation of Cal.Ins.Code Sec. 790.03(h)--and that remand to state court was therefore appropriate.
 
 
 4
 By order of October 22, 1987, Judge Thompson ruled that ERISA preempted all nine causes of action and dismissed them without prejudice. He denied the motion to remand to state court and gave the plaintiffs--now Mrs. Bishop and the Estate of Mr. Bishop[2]--thirty days to amend their complaint in federal court. Finally, Judge Thompson declined to impose sanctions against Landrum.
 
 
 5
 That very day, Landrum filed an amended complaint stating that Bishop I now arose under ERISA. However the complaint also realleged a violation of Cal.Ins.Code Sec. 790.03(h)--despite Judge Thompson's ruling that that provision was preempted. Bechtel and CIGNA moved to have that claim (and a prayer for punitive damages) dismissed on preemption grounds. Bechtel also renewed its request for sanctions.
 
 
 6
 At a hearing on February 22, 1988, Judge Thompson granted the defendants' motions to dismiss both the Sec. 790.03(h) claim and the prayer for punitive damages. Judge Thompson denied Bechtel's request for sanctions but warned Landrum that "in the future he should be careful about what he files."
 
 
 7
 On May 27, the plaintiffs filed a second complaint in California state court ("Bishop II "), alleging three causes of action against Bechtel, CIGNA, and Does 1-100: (1) violation of Cal.Ins.Code Sec. 790.03(h); (2) wrongful death;[3] and (3) wrongful termination. Bechtel removed the action to federal district court.
 
 
 8
 Bishop II was also assigned to Judge Thompson. Bechtel and CIGNA moved to dismiss claims one and three as preempted by ERISA. Pointing to the two rulings in Bechtel I that the Sec. 790.03(h) claim was preempted by ERISA and the single prior ruling that the wrongful termination claim was likewise preempted, Bechtel urged Judge Thompson to impose sanctions against Landrum.
 
 
 9
 Landrum responded with a Petition to Delete Federal Law Complaint and Remand. He sought to drop the Sec. 790.03(h) claim and remand the remaining two causes of action to state court. Later, Landrum filed a memorandum in opposition to the defendants' motions for Rule 12(b)(6) dismissal and renewed his argument from Bishop I that Sec. 790.03(h) was not preempted by ERISA after all.
 
 
 10
 Judge Thompson decided the competing motions on September 26, 1988. First, he dismissed the first and third causes of action in Bishop II on preemption grounds. Second, he denied the motion to remand to state court. Third, he consolidated the remaining wrongful death claim in Bishop II with the ERISA claims in Bechtel I. Finally, he sanctioned Landrum for costs Bechtel and CIGNA incurred relitigating the preempted causes of action.[4]
 
 II
 
 11
 The plaintiffs first appeal the district court's order denying remand to the state court. However, because such orders are not final, and because the plaintiffs did not pursue the proper channels for immediate appeal, we lack jurisdiction to review the order.
 
 
 12
 * It is clear in this circuit that the denial of a motion to remand is not a final order appealable under 28 U.S.C. Sec. 1291. See Wynn v. Reconstruction Fin. Corp., 212 F.2d 953, 957 (9th Cir.1954). Other circuits agree. See, e.g., Rohrer, Hibler & Replogle, Inc. v. Perkins, 728 F.2d 860, 861-62 (7th Cir.) ("An order denying a motion to remand a case to state court cannot, by any stretch of the imagination be considered 'final' within the meaning of Sec. 1291".) (citing cases from circuits 1-5), cert. denied, 469 U.S. 890, 105 S.Ct. 265, 83 L.Ed.2d 201 (1984).
 
 
 13
 It is equally clear that the "collateral order" exception to Sec. 1291's finality requirement does not apply to orders denying remand. Under the collateral order doctrine, Sec. 1291 review is appropriate for orders "which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949). For the doctrine to apply, the challenged order must: (1) conclusively determine the disputed question; (2) resolve an important issue completely separate from the merits of the underlying action; and (3) be effectively unreviewable from a final judgment. Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457-58, 57 L.Ed.2d 351 (1978); accord Riverhead Sav. v. National Mortg. Equity Corp., 893 F.2d 1109, 1114 (9th Cir.1990). Failure to meet any of these three elements renders the doctrine inapplicable. See Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 376, 101 S.Ct. 669, 674-75, 66 L.Ed.2d 571 (1981) (failure to meet third element fatal to Cohen claim).
 
 
 14
 We need not undertake the complicated inquiry regarding the existence of the first two components of the collateral order exception because the third element--unreviewability at final judgment--is clearly absent. The Supreme Court has noted that unreviewability element is present only in a narrow class of cases where "denial of immediate review would render impossible any review whatsoever." Id. (quotation omitted). Orders denying remand do not belong to that rare breed because appellate review is available after final judgment on the merits. See, e.g., Sheeran v. General Elec. Co., 593 F.2d 93, 97 (9th Cir.), cert. denied, 444 U.S. 868, 100 S.Ct. 143, 62 L.Ed.2d 93 (1979); Albright v. R.J. Reynolds Tobacco Co., 531 F.2d 132, 134 (3d Cir.) (same), cert. denied, 426 U.S. 907, 96 S.Ct. 2229, 48 L.Ed.2d 832 (1976); Brough v. United Steelworkers of Amer., 437 F.2d 748, 749-50 (1st Cir.1971) (same). A party may appeal denial of remand if it previously had sought interlocutory review. Sorosky v. Burroughs Corp., 826 F.2d 794, 798-99 (9th Cir.1987); Gould v. Mutual Life Ins. Co., 790 F.2d 769, 774 (9th Cir.), cert. denied, 479 U.S. 987, 107 S.Ct. 580, 93 L.Ed.2d 582 (1986). Cf. Sheeran, 593 F.2d at 97. Otherwise, the party's argument on final appeal is confined to "whether the federal [district] court would have had jurisdiction had the case been filed in federal court in the posture it had at the time of the entry of final judgment." Lewis v. Time, Inc., 710 F.2d 549, 552 (9th Cir.1983) (citing Grubbs v. General Elec. Credit. Co., 405 U.S. 699, 702, 92 S.Ct. 1344, 1347, 31 L.Ed.2d 612 (1972)). Thus, because it is not impossible for a party to obtain later review of an order denying remand, the collateral doctrine exception does not apply.
 
 B
 
 15
 Despite the interlocutory nature of orders denying remand, the plaintiffs had two opportunities to obtain immediate review. They missed both. First, they failed to seek district court certification for interlocutory appeal under 28 U.S.C. Sec. 1292(b) and to petition this court under Federal Rule of Appellate Procedure 5 for permission to entertain that appeal.
 
 
 16
 Second, they failed to have the district court certify its order as "final" under Federal Rule of Civil Procedure 54(b). Generally speaking, where none of the parties in ongoing complex litigation have obtained a Rule 54(b) certificate, we lack a basis for jurisdiction. See Anderson v. Allstate Ins. Co., 630 F.2d 677, 680-81 (9th Cir.1980); see also Cotter v. Desert Palace, Inc., 880 F.2d 1142, 1144 (9th Cir.1989). Because final judgment has not subsequently been entered on the remaining claims in the consolidated action, this defect is fatal. See Anderson, 630 F.2d at 680-81; accord Unioil, Inc. v. E.F. Hutton & Co., Inc., 809 F.2d 548, 554 (9th Cir.1986), cert. denied, 484 U.S. 822-23, 108 S.Ct. 83, 85, 98 L.Ed.2d 45, 47 (1987). Therefore, we lack jurisdiction to review the district court's order.
 
 III
 
 17
 The plaintiffs also appeal the district court's order of sanctions against their attorney, Lee Landrum. Unlike an order denying remand, an order imposing sanctions solely on a nonparty falls within the collateral order exception to the final judgment rule and thus is immediately appealable. See Riverhead Sav., 893 F.2d at 1113 (citing cases). The person against whom sanctions are imposed may appeal the order. Rachel v. Banana Republic, Inc., 831 F.2d 1503, 1508 n. 5 (9th Cir.1987).
 
 
 18
 Because Landrum has not pursued an appeal of his own, we must decide whether a party has standing to appeal an order of sanctions against its attorney. Previously we have assumed, without deciding, that standing exists. See In re Taylor, 884 F.2d 478, 484 n. 7 (9th Cir.1989); Mesirow v. Pepperidge Farm, Inc., 703 F.2d 339, 345 (9th Cir.), cert. denied, 464 U.S. 820, 104 S.Ct. 83, 78 L.Ed.2d 93 (1983). However, the two circuits squarely addressing the issue have held that it does not. See Bartels v. Sports Arena Employees Local 137, 838 F.2d 101, 104 (3rd Cir.1988); Marshak v. Tonetti, 813 F.2d 13, 21-22 (1st Cir.1987). In Marshak, the First Circuit reasoned that a sanction order against plaintiff's counsel implicated no interest, pecuniary or otherwise, of the plaintiff. Moreover, because counsel was free to pursue his own appeal, the First Circuit found no particular reason warranting a client's challenge of the sanction order on the attorney's behalf. Id. at 22.
 
 
 19
 We agree. "To have standing to appeal, a party must be aggrieved by the district court's order." Bryant v. Technical Research Co., 654 F.2d 1337, 1343 (9th Cir.1981) (quotation omitted). Although we cannot say that an order of attorney sanctions has absolutely no effect on the interests of a party, "[a]n indirect financial stake in another party's claims is insufficient to create standing on appeal." Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1214 (9th Cir.1987), cert. dismissed, 488 U.S. 935, 109 S.Ct. 358, 102 L.Ed.2d 349 (1988); see also Libby, McNeill, and Libby v. City Nat. Bank, 592 F.2d 504, 511 (9th Cir.1978) (appellant's interest "must be immediate and pecuniary and not a remote consequence of the judgment") (quotation omitted). Because a party can hardly be expected to shoulder the financial burden of sanctions entered against its attorney, it lacks the requisite interest for standing to appeal.
 
 
 20
 Moreover, "[a] party may only appeal to protect its own interests, not those of any other party." Bryant, 654 F.2d at 1343 (quotation omitted). This is especially true where, as here the aggrieved person was free to appeal on his own behalf. Thus we lack jurisdiction to review the order of sanctions.
 
 IV
 
 21
 For these reasons, we DISMISS for lack of appellate jurisdiction.
 
 
 
 [1]
 The Bishops sought or alleged: (1) declaratory relief to determine Mr. Bishop's rights under his disability plan; (2) fraudulent inducement of contract; (3) conspiracy to defraud Mr. Bishop of his insurance benefits; (4) bad faith breach of Mr. Bishop's disability contract; (5) breach of fiduciary duties to Mr. Bishop; (6) violation of Cal.Ins.Code Sec. 790.03(h); (7) breach of an implied employment contract and wrongful termination; (8) breach of an employment contract supported by independent consideration; and (9) breach of contract obligations to Mrs. Bishop as a third party beneficiary of the disability contract
 
 
 [2]
 Mr. Bishop died two months prior to the district court's ruling
 
 
 [3]
 The plaintiffs did not name CIGNA as a defendant in this cause of action
 
 
 [4]
 Ultimately the court awarded Bechtel $2,408.10 and CIGNA $663.20 in sanctions