**Jacquelyne L. NEAL, Appellant,**

v.

**William H. BROWN, III, et al., Appellees.**

**No. 91–5089.**

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 16, 1992.

Decided Dec. 11, 1992.

Jacquelyne L. Neal, pro se.

Edward W. Mullinix, with whom Thomas E. Patton, was on the brief, for appellees.

William F. Fox, Jr. (appointed by this Court), for amicus curiae.

Before WALD, SILBERMAN and D.H. GINSBURG, Circuit Judges.

Opinion for the Court PER CURIAM.

PER CURIAM:

Stripped to its essentials, this case presents the question whether a federal district court's denial of a motion to remand is subject to interlocutory review. We hold that it is not and accordingly dismiss this appeal for lack of jurisdiction.

Although the disposition of this appeal is straightforward, its path to this court was not. Appellant Jacquelyne Neal, a citizen of Tennessee, initially brought this action in the Superior Court of the District of Columbia on October 5, 1990. She named as defendants the law firm of Schnader, Harrison, Segal & Lewis, a partnership in the District of Columbia, along with five individuals. Ten days later, the law firm, or more precisely, some of its partners, filed an action against Ms. Neal in the U.S. District Court for the Eastern District of Pennsylvania. On October 26, 1990, defendants filed a notice of removal in the U.S. District Court for the District of Columbia under 28 U.S.C. § 1441(b), which permits removal when there is complete diversity of

citizenship and no defendant properly joined and served is a citizen of the state in which the action is brought. As it turns out, none of the individuals named in Ms. Neal's complaint was a citizen of the District of Columbia, and under D.C. law, a partnership cannot be sued as an entity. *Day v. Avery,* 548 F.2d 1018, 1022 (D.C.Cir. 1976), *cert. denied,* 431 U.S. 908, 97 S.Ct. 1706, 52 L.Ed.2d 394 (1977).

Ms. Neal, who filed this action *pro se,* was understandably not aware of these intricacies of subject matter jurisdiction and removal. After receiving the defendants' notice of removal, she amended her complaint to add other members of the partnership, three of whom were, in fact, citizens of the District of Columbia. She then moved to remand to the D.C. Superior Court. Some time later, she sought to enjoin the defendants from pursuing their action against her in Pennsylvania. This motion for an injunction eventually became moot when the federal court in Pennsylvania dismissed defendants' action there as a compulsory counterclaim to Ms. Neal's action here. This left for determination only Ms. Neal's motion for remand, which the district court below denied. It is this denial that Ms. Neal now appeals.

Her appeal is premature. As a general matter, federal courts of appeals have jurisdiction only over "final decisions" of the district courts. 28 U.S.C. § 1291. The Supreme Court has defined as "final" only a decision that " 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 2456, 57 L.Ed.2d 351 (1978) (*quoting Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)). The decision to deny the remand clearly does not end the litigation, but merely determines that it will proceed in federal court. In holding that a denial of a motion to remand is not appealable under § 1291, we are in accord with every other federal court of appeals that has addressed this issue. *See, e.g., Estate of Bishop v. Bechtel Power Corp.,* 905 F.2d 1272, 1274 (9th Cir.1990); *Rohrer, Hibler & Replogle, Inc. v. Perkins,* 728 F.2d 860, 861–62 (7th

Cir.), *cert. denied,* 469 U.S. 890, 105 S.Ct. 265, 83 L.Ed.2d 201 (1984); *Poirrier v. Nicklos Drilling Corp.,* 648 F.2d 1063, 1064–65 (5th Cir.1981); *Three J Farms v. Alton Box Board Co.,* 609 F.2d 112, 113 (4th Cir.1979), *cert. denied,* 445 U.S. 911, 100 S.Ct. 1090, 63 L.Ed.2d 327 (1980); *Aberle Hosiery Co. v. American Arbitration Ass'n,* 461 F.2d 1005, 1006 (3d Cir. 1972); *Brough v. United Steelworkers of America,* 437 F.2d 748, 749–50 (1st Cir. 1971); *Wilkins v. American Export-Isbrandtsen Lines, Inc.,* 401 F.2d 151, 151 (2d Cir.1968); *see also* 15A CHARLES WRIGHT, ARTHUR MILLER & EDWARD COOPER, FEDERAL PRACTICE AND PROCEDURE § 3914.-11, at 697 (3d ed. 1992) ("One aspect of appealing orders as to removal and remand remains blessedly simple. An order denying remand is not final.").

■■■ Ms. Neal and *amicus curiae,* appointed by this court, have suggested several other avenues by which this court might take jurisdiction, some of them quite creative, but all of them equally unavailing. The denial of a motion to remand does not fall within the collateral order doctrine, under which a " 'small class' of decisions [is] excepted from the final-judgment rule," *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) (*citing Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1940)), because such a denial does not "render impossible any review whatsoever." *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 376, 101 S.Ct. 669, 674, 66 L.Ed.2d 571 (1981). *See, e.g., Estate of Bishop v. Bechtel Power Corp.,* 905 F.2d at 1274; *Rohrer, Hibler & Replogle, Inc.,* 728 F.2d at 861–62. Nor can we exercise pendent appellate jurisdiction over the remand question under 28 U.S.C. § 1292, which provides for interlocutory review of orders dealing with injunctions, as Ms. Neal's motion for injunctive relief was moot even before she filed this appeal. *See Rodriguez v. Handy,* 802 F.2d 817, 821 (5th Cir.1986); *Robert Stigwood Group Ltd. v. Hurwitz,* 462 F.2d 910, 914 & n. 7 (2d Cir.1972); *cf. E.P. Hinkel & Co. v. Manhattan Co.,* 506 F.2d 201, 204

(D.C.Cir.1974) (court retained jurisdiction to review grant of summary judgment after injunction became moot where only issue remaining for determination by district court was damages).[1]

*Appeal dismissed.*

---

1. We have considered and rejected Ms. Neal's other proposed bases for this court's exercise of jurisdiction over her appeal, including the writ of mandamus under the All Writs Act, 28 U.S.C. § 1651, and our inherent power to question, *sua sponte*, defects in subject matter jurisdiction. We do not believe either theory warrants extensive discussion here.

Because we lack jurisdiction over this appeal, we do not reach the merits of whether the remand was proper. In that regard Ms. Neal urged us to consider whether her amended complaint should relate back to her original filing for purposes of the removal statute and whether the district court was required to consider 28 U.S.C. § 1447(e), which deals with joinder after removal. These arguments can be raised in the context of any later appeal she may take.