**STRATEGIC LIEN ACQUISITIONS
LLC, Plaintiff,**

v.

**REPUBLIC OF ZAIRE,
et al., Defendants.**

No. CIV.A.04–CV–1034(JDB).

United States District Court,
District of Columbia.

Nov. 4, 2004.

Donald R. Dinan, Hall, Estill, Hardwick, Gable, Golden & Nelson, Washington, DC, Counsel for plaintiff.

Gladys Herring, Office of the Mayor of the District of Columbia, Washington, DC, Darlene Fields, Office of the Attorney General of the District of Columbia, Washington, DC, Counsel for defendant District of Columbia.

Oscar Tatanene Manata, Washington, Pro se.

### MEMORANDUM OPINION AND ORDER

BATES, District Judge.

This matter involves an attempt by plaintiff Strategic Lien Acquisitions LLC ("plaintiff") tó enforce the collection of an unpaid District of Columbia water and sewer bill for the embassy of the former Republic of Zaire (now the Democratic Republic of Congo). Plaintiff originally filed a foreclosure action in the Superior Court of the District of Columbia, naming as defendants the Republic of Zaire, the District of Columbia, and "any and all persons having or claiming to have any interest" in the real property on which the embassy is situated. Complaint at 1. Oscar Tatanene Manata, purporting to be a person with such an interest, removed the matter to this Court, and filed an answer and counter-claims.[1] This Court then ordered the parties to show cause whether the action was properly removed to this Court. Having considered the parties' submissions and the entire record in this case, this Court concludes that it lacks jurisdiction over this matter, and therefore remands the case to the Superior Court.

Manata first argues that removal was appropriate because of the diversity jurisdiction of this Court. Counter Defendant/Plaintiff's Show Cause ("Show Cause") ¶ 7. Manata is correct as a general proposition that a defendant can remove a state court action in which there is complete diversity under 28 U.S.C. §§ 1441(a), (b). However, section 1441(b) only permits a defendant to remove a case to federal district court based on the diversity of the parties if "no defendant 'is a citizen of the State in which such action is brought.'" *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 62, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996) (quoting 28 U.S.C. § 1441(b)); *see Neal v. Brown,* 980 F.2d 747, 747–48 (D.C.Cir.1992). Manata admits that he is a "permanent resident alien of the United States and the District of Columbia," and that he lives to this day in the District of Columbia at the embassy of the former Republic of Zaire. Notice of Removal at 2. For purposes of this analysis, he is therefore a citizen of the District of Columbia. *See* 28 U.S.C. § 1332 (for purposes of di-

---

1. Manata asserts that he is the former "ambassador extraordinary and plenipotentiary of the Republic of Zaire (renamed Democratic Republic of Congo)." Notice of Removal at 1–2.

versity jurisdiction, "an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled"). He is also a defendant in the foreclosure action, which was brought in the District of Columbia.[2] Accordingly, because Manata himself is a defendant who is a "a citizen of the state in which the action is brought," he cannot remove the foreclosure action on the basis of the Court's diversity jurisdiction.[3] *Neal*, 980 F.2d at 747–48.

■ Manata argues in the alternative that the foreclosure action was properly removed because the action "seeks recovery from a foreign state." Show Cause ¶ 5. Manata does not cite any particular statute that would allow him to remove the action for this reason, and the Court is not aware of one. To the extent that Manata may mean to rely on 28 U.S.C. § 1441(d), that section provides only that a civil action brought in a state court against a foreign state "*may be removed by the foreign state*," not by any of the other named defendants. 28 U.S.C. § 1441(d) (emphasis added); *see Schlumberger Indus. v. Nat. Surety Corp.*, 36 F.3d 1274, 1284 (4th Cir.1994) (section 1441(d) "is intended only to protect the interest of the foreign state to obtain, at *its* whim, a federal forum"

(emphasis in original)); *Triton Container Intern. Ltd. v. Inst. of London Underwriters*, 1998 WL 750941, at *4 (N.D.Cal. Apr.1, 1998) (section 1441(d) "specifies that an action may be removed only by the foreign state, not by other named defendants" (quotation omitted)).

■ To the extent that Manata would base this argument instead on 28 U.S.C. § 1441(a), which allows any defendant to remove a civil action for which a district court would have original jurisdiction, the argument fares no better. Even assuming that section 1441(a), taken together with the grant of original jurisdiction over claims against foreign states in 28 U.S.C. § 1330(a), might be read to furnish removal jurisdiction where it would not otherwise exist under section 1441(d)—and there is reason to believe that it does not[4]—section 1330(a) only supplies jurisdiction against a foreign state for a "claim for relief in personam." 28 U.S.C. § 1330(a); *Geveke & Co., Int'l v. Kompania Di Awa I Elektrisidat Di Korsou N.V.*, 482 F.Supp. 660, 664 (S.D.N.Y.1979) (subject matter jurisdiction under section 1330(a) is lacking where action is only *in rem*).[5] A foreclosure action is an action *in rem*, not *in personam*. *See Johnson v. Home State Bank*, 501 U.S. 78, 84–85, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991); *United States v.*

2. Manata must have been a "defendant" within the meaning of the relevant statutes to have removed the foreclosure action at all. *See* 28 U.S.C. § 1441 ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants"). Indeed, Manata has now filed an answer to the Complaint in the foreclosure action.

3. The District of Columbia is treated as a state for purposes of the Court's diversity jurisdiction. *See* 28 U.S.C. § 1332(b); *Saadeh v. Farouki*, 107 F.3d 52, 56 (D.C.Cir.1997).

4. *See Schlumberger Indus.*, 36 F.3d at 1284 (stating that in a removal case, "we normally

would examine the federal court's jurisdiction only under the FSIA's removal provision, 28 U.S.C. § 1441(d), not under the FSIA's original jurisdiction provision, 28 U.S.C. § 1330(a)").

5. *See generally* Kevin Thomas Duffy, *Foreign Sovereign Immunity in the Second Circuit After Texas Trading and Verlinden*, 48 Brook. L.Rev. 979, 984 n. 36 (1982) ("With the exception of the maritime lien, [28 U.S.C.] § 1605(b), jurisdiction under the Act may not be based on the attachment of property, since subject matter jurisdiction is limited to in personam claims. [28 U.S.C.] § 1330(a). Thus, in rem and quasi in rem jurisdiction are effectively eliminated under the Act.").

*Begin,* 160 F.3d 1319, 1321 (11th Cir.1998); *United States v. Matthews,* 221 F.2d 837, 838 (D.C.Cir.1955). Accordingly, Manata cannot remove this case under section 1441(a) by way of the grant of original federal jurisdiction in section 1330(a).

■ Manata finally maintains that this Court has jurisdiction over this action because it raises a federal question regarding the application of the Foreign Sovereign Immunities Act ("FSIA"). Show Cause ¶ 6. To determine whether a case raises a federal question for purposes of removal jurisdiction, this Court applies the "well-pleaded complaint" rule, which holds that a cause of action arises under federal law only when the federal claim can be found on "the face of the complaint and only the face of the complaint." *Zuurbier v. MedStar Health, Inc.,* 306 F.Supp.2d 1, 4 (D.D.C.2004); *see Oklahoma Tax Comm'n v. Graham,* 489 U.S. 838, 840, 109 S.Ct. 1519, 103 L.Ed.2d 924 (1989). The complaint in this case only reveals a foreclosure action brought exclusively under District of Columbia law. Any issue pertaining to the FSIA would be raised, if at all, as a defense to the action. Because a defense is insufficient to confer jurisdiction on a federal court, *see Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Van Allen v. Bell Atlantic–Washington, D.C., Inc.,* 921 F.Supp. 830, 832 (D.D.C.1996), the potential involvement of the FSIA does not supply this Court with removal jurisdiction.

■ There is an exception to the "well-pleaded complaint" rule where Congress "so completely pre-empt[s] a particular area [of the law] that any civil complaint raising this select group of claims is necessarily federal in character." *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 62, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). For there to be complete preemption, Congress must have so thoroughly occupied an area of law "that no room remains for any state

regulation." *Bastien v. AT&T Wireless Servs., Inc.,* 205 F.3d 983, 986 (7th Cir. 2000). The federal government is, to be sure, actively involved in several aspects of the supervision of embassies and foreign missions. *See* 22 U.S.C. § 4301–4316. Nevertheless, Congress has emphasized that the role of the federal government in this field should not be read to preempt state or municipal authority in those areas that are traditionally the province of the states, such as property law and safety regulations. *See id.* § 4307 ("Nothing in . . . this title may be construed to preempt any State or municipal law or governmental authority regarding zoning, land use, health, safety, or welfare."); *see also United States v. Dist. of Columbia Bd. of Zoning Adjustment,* 644 A.2d 995, 997 (D.C. 1994) (discussing state proceedings pertaining to the location of a foreign mission). In light of this law, it cannot be said that state authority over the enforcement of a water and sewer lien on an embassy has been preempted by Congress at all, much less "completely preempted" so as to draw the case outside the "well-pleaded complaint" rule.

Manata has not met his burden of proving that this case qualifies for removal. *See, e.g., Julien v. CCA of Tennessee, Inc.,* 268 F.Supp.2d 19, 21 (D.D.C.2003) ("When the plaintiff makes a motion to remand, the defendant bears the burden of proving federal jurisdiction."). None of the possible bases for jurisdiction in this Court is viable. Accordingly, this Court is compelled to remand this action to the Superior Court of the District of Columbia.

## CONCLUSION

It is hereby ORDERED that this matter is REMANDED to the Superior Court of the District of Columbia.