974 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
D.E.C. INTERNATIONAL, INC., Plaintiff,
and
Gregory R. Harris; John J. Patridge; Clinton A. Johnson;
Michael E. Wilson, Appellants,
v.
SCHNEIDER, INC., Defendant.
 No. 91-16228.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Sept. 2, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gregory R. Harris, John J. Patridge, Clinton A. Johnson, and Michael E. Wilson, appellants and real parties in interest, appeal the district court's order imposing sanctions against them pursuant to Fed.R.Civ.P. 16(f). Appellants are counsel for the parties in the underlying action. Appellants contend that the district court erred by imposing sanctions without providing them notice and opportunity to be heard. We dismiss this appeal for lack of jurisdiction.
 
 
 3
 Generally, an order imposing sanctions against a party is not appealable until final judgment has been entered. Riverhead Sav. Bank v. National Mortgage Equity Corp., 893 F.2d 1109, 1113 (9th Cir.1990). Nevertheless, an order imposing sanctions against a non-party attorney is a final order and is immediately appealable pursuant to 28 U.S.C. § 1291 under the collateral order doctrine. Estate of Bishop v. Bechtel Power Corp., 905 F.2d 1272, 1275 (9th Cir.1990); Riverhead Sav. Bank, 893 F.2d at 1113.
 
 
 4
 Here, the district court entered an order on November 2, 1990 imposing sanctions of $1,000 each on counsel because they were not prepared to proceed with the pretrial conference. Appellants did not file their notice of appeal until June 30, 1991, after final judgment was entered in the action pursuant to a joint stipulation of dismissal.
 
 
 5
 The district court specifically imposed the sanctions on the attorneys personally, and required that each attorney submit an affidavit stating that the sanction was paid out of personal funds. Thus, the sanctions were clearly imposed on non-parties. See Riverhead Sav. Bank, 893 F.2d at 1113-14. Further, the sanctions were payable within ten days. See id. (order making sanctions immediately payable is final because court will not later rescind or modify order). Because the sanctions order was final and appealable on November 2, 1990, when it was entered, the notice of appeal was untimely. See Fed.R.App.P. 4(a); Riverhead Sav. Bank, 893 F.2d at 1113; Mesirow v. Pepperidge Farm, Inc., 703 F.2d 339, 345 (9th Cir.) (dismissing for lack of jurisdiction appeal from order imposing sanctions on non-party attorney which was not appealed until after final judgment), cert. denied, 464 U.S. 820 (1983). Accordingly, we dismiss this appeal for lack of jurisdiction.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3