980 F.2d 736
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re COLVILLE CONFEDERATED TRIBES, Plaintiff,
William H. VEEDER Appellant,
v.
Boyd WALTON, Jr.; State of Oregon, et al, Defendants-Appellees.
COLVILLE CONFEDERATED TRIBES, Plaintiff,
and
William H. Veeder, Claimant-Appellant,
v.
Boyd WALTON, Jr.; Kenna Jean Walton, Defendants-Appellees,
and
STATE of Washington, Defendant-Intervenor.
 Nos. 91-35490, 91-35755.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1992.*
Decided Nov. 13, 1992.
 
 Before EUGENE A. WRIGHT, FLETCHER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Attorney William H. Veeder appeals from the district court's imposition of two post-judgment sanctions against him.[1] The first sanction was imposed under Federal Rule of Civil Procedure 11. After Veeder had appealed that sanction order, the district court sanctioned him under a local rule for conduct occurring during his dispute over the first sanction. The district court, in entering the second sanction order, modified the first order and included both sanctions in its second order.
 
 
 3
 We affirm the district court's Rule 11 sanction of Veeder. We also affirm the imposition of the second sanction, but remand for entry of a new order because the district court had no jurisdiction to modify the first sanction order while it was pending on appeal.
 
 Jurisdiction to Modify the First Sanction
 
 4
 The Rule 11 sanction against Veeder, a nonparty, was immediately appealable under the collateral order exception to the final judgment rule. See Estate of Bishop v. Bechtel Power Corp., 905 F.2d 1272, 1275 (9th Cir.1990). Although we have held that an order which imposes sanctions but which fails to set an amount is not appealable, Jensen Elec. Co. v. Moore, Caldwell, Rowland & Dodd, Inc., 873 F.2d 1327, 1329 (9th Cir.1989), the order in this case specified a $2500 Rule 11 sanction upon which judgment was entered. While a sanction order is being appealed as a separate collateral order, the district court has no jurisdiction to modify the order that is under appeal, but does have jurisdiction to conduct other proceedings in the litigation. See Britton v. Co-op Banking Group, 916 F.2d 1405, 1411 (9th Cir.1990); 9 James Wm. Moore et al., Moore's Federal Practice p 203.11 (2d ed. 1992). Accordingly, the district court had jurisdiction to impose the second, separate sanction. Its judgment imposing that sanction is invalid, however, because it purported to modify the order imposing the first sanction.
 
 The Rule 11 Sanction
 
 5
 We affirm the Rule 11 sanction. The district court imposed this penalty on Veeder on the basis of its finding that a motion to recuse the trial judge had been frivolous. Rule 11 sanctions shall apply to any motion or paper that either is filed with an improper purpose or is frivolous. Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir.1990) (en banc). We have used "frivolousness" to denote a motion "that is both baseless and made without a reasonable and competent inquiry." Id. Determining whether a particular motion is frivolous requires " 'fact-intensive close calls.' " Id. at 1364 (quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 404 (1990)). We will reverse an award of Rule 11 sanctions only for an abuse of discretion. Id. at 1365-66.
 
 
 6
 The district court considered the recusal motion frivolous because it found that Veeder had failed to identify extrajudicial bias against either him or his client on the part of District Judge Robert J. McNichols. The court observed:
 
 
 7
 Mr. Veeder states that since he disagrees with some of Judge McNichols' rulings and those of the Ninth Circuit, those rulings are therefore "extrajudicial." This contention is frivolous and without any support whatsoever in any court decision.
 
 
 8
 The recusal motion relied on 28 U.S.C. § 455(a) and (b)(1), which requires a federal judge to disqualify herself from a case in which her impartiality might reasonably be questioned or in which she has a personal bias or prejudice concerning the parties. Recusal under § 455 is mandatory " 'only if the bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceeding.' " Pau v. Yosemite Park & Curry Co., 928 F.2d 880, 885 (9th Cir.1991) (quoting Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir.1988)). A judge's prior adverse ruling is not a basis for a claim of extrajudicial bias, United States v. Studley, 783 F.2d 934, 939 (9th Cir.1986), nor is friction between a party and a judge alone a sufficient cause to necessitate recusal. See In re Yagman, 796 F.2d 1165, 1181-82 (9th Cir.), reh'g denied, amended, 803 F.2d 1085 (9th Cir.1986).
 
 
 9
 The district court's findings that there was no valid basis for recusal are well supported in the record. The memorandum accompanying the recusal motion failed to link a perceived bias on the part of Judge McNichols to any extrajudicial source. Rather, it drew an inference of bias solely from Judge McNichols' rejection of the Tribes' allegations that defendant Walton had taken water from the Tribes. For example, Veeder's memorandum states that Judge McNichols "totally revers[ed] his original position" as set forth in the allocation decree. "By that course of conduct," the memorandum continued, "Judge McNichols distorted and perverted the facts to sustain [the] theft of the Tribe's costly pumped water." It adds nothing to these claims to state them, as Veeder does, in an inflammatory manner, e.g., charging that Judge McNichols has "become a partisan in the theft" of the Tribes' water. It is clear that Veeder's grounds rest solely on his dissatisfaction with Judge McNichols' rulings.[2]
 
 
 10
 We further reject Veeder's argument that he was entitled to an oral argument before the district court to oppose the sanction. In the context of Rule 11, procedural due process requires that an attorney receive an opportunity to be heard before a court issues a final sanctions order. Tom Growney Equip., Inc. v. Shelley Irrigation Dev., Inc., 834 F.2d 833, 835-37 (9th Cir.1987). However, neither the Constitution nor any rule of court requires that an attorney be granted oral argument on a proposed sanction. The district court's consideration of Veeder's written arguments gave sufficient protection to Veeder's due process interest. Thus, we conclude that the district court did not abuse its discretion in sanctioning Veeder under Rule 11.
 
 The Local Rule Sanction
 
 11
 We further conclude that a $2500 sanction under Local Rule 7(f), which restricts the length of non-dispositive memoranda to no more than 10 pages, is appropriate in this case. Veeder filed a verbose and defiant response to the district court's order to show cause on the proposed Rule 11 sanction. The attorney's 101-page "Answer" to the order far exceeded the 10-page limit. Although Veeder assured the court in his response that the recusal motion had been made in good faith, he pressed the argument that Judge McNichols had "intentionally and repeatedly violated the mandates of the Court of Appeals in furtherance of his support of one of the parties."
 
 
 12
 A district court may sanction an attorney for violations of local rules, subject to limits upon the court's inherent power and statutory authority. See Miranda v. Southern Pac. Transp. Co., 710 F.2d 516, 520-21 (9th Cir.1983). These limits require at a minimum that the sanctions order be supported with an explicit finding of an attorney's bad faith, and that the misconduct amount to more than a negligent transgression of local rules. See Zambrano v. City of Tustin, 885 F.2d 1473, 1478, 1480 (9th Cir.1989).[3]
 
 
 13
 The district court's imposition of sanctions for violation of Local Rule 7(f) is consistent with Zambrano. The May 30, 1991 order fails to make a literal finding of bad faith. However, bad faith is clearly evident on the face of the order. The district court alternatively described Veeder's actions as "continuing and flagrant" and "obdurate and intentional" violations of the local rule.
 
 
 14
 Moreover, from the record it is clear that Veeder had been warned as early as October 24, 1990 that his papers violated the local rule. Nevertheless, Veeder continued to submit excessively long motions and memoranda. Such repeated violations of the page limit rule, even if unintentional, are appropriate grounds for sanctions. See Zambrano, 885 F.2d at 1480.
 
 Conclusion
 
 15
 We affirm the $2500 sanction imposed on March 27, 1991 for violation of Rule 11. We note that the district court had no power to modify that judgment while appeal was pending.
 
 
 16
 We also affirm the imposition of the second $2500 sanction, imposed on May 30, 1991, for violation of Local Rule 7(f). We vacate that judgment, however, because it purported to modify the first sanction judgment. We remand with instructions to vacate the judgment striking the March 27, 1991 judgment, and to enter a separate judgment for $2500 as a sanction for violation of the local rule. Veeder will bear any costs.
 
 
 17
 AFFIRMED in part, VACATED in part, AND REMANDED WITH INSTRUCTIONS.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Veeder's first notice of appeal purports to appeal on his own behalf not only from the district court's March 27, 1991 order imposing Rule 11 sanctions, but also from the district court's October 24, 1990 denial of his recusal motion. Veeder's client, the Colville Confederated Tribes, indicated that it did not desire to appeal the denial of the recusal motion. Veeder has no standing to appeal that order on his own. See 15A Charles A. Wright et al., Federal Practice and Procedure § 3902 (2d ed. 1992); cf. Kapco Mfg. Co. v. C & O Enters., Inc., 886 F.2d 1485, 1494 (7th Cir.1989) (attorney's "concern" that trial judge's ruling on motion to disqualify opposing counsel "was wrong and 'could well influence similar decisions in the future' " did not give attorney "standing on which to appeal a substantive issue applicable only to his client, which issue the client has chosen not to appeal"). The appeal from the denial of the recusal motion is dismissed
 
 
 [2]
 Veeder contends that Judge McNichols showed extrajudicial bias in calling attention to the opinion in Omaha Indian Tribe v. Tract 1--Blackbird Bend Area, 933 F.2d 1462, 1468 (8th Cir.), cert. denied, 112 S.Ct. 379 (1991). Judge McNichols' memorandum does no more than alert the parties, and indirectly this court, to an official report of a case involving sanctions resulting from Veeder's conduct. In light of the uncertainty overhanging the case because of Veeder's attempt to appeal the denial of recusal against the wishes of his client, the notice was not improper. Moreover, the notice was issued after both sanctions had been appealed; it could not have been, and was not, a ground of Veeder's motion to disqualify
 
 
 [3]
 The district court has not enacted a rule that provides explicit authority to impose monetary sanctions for local rule violations. However, neither Zambrano nor the cases upon which it relies require such a rule as a prerequisite for imposing sanctions