UNITED STATES of America

v.

**ATLANTIC DISPOSAL SERVICE, INC., Appellant.**

**UNITED STATES of America**

v.

**Alvin H. WHITE II, Appellant.**

**UNITED STATES of America**

v.

**Charles J. CARITE, Appellant.**

**Nos. 88–5947 to 88–5952.**

United States Court of Appeals, Third Circuit.

Argued June 8, 1989.

Decided Oct. 11, 1989.

Raymond A. Brown (argued), Brown, Brown and Kologi, and Alan Dexter Bowman, P.A., Newark, N.J., for appellants.

Charles F. Rule, Asst. Atty. Gen., Kenneth G. Starling, Deputy Asst. Atty. Gen., John J. Powers III, Atty., Laura Heiser, Atty. (argued), Robert J. Wiggers, Atty., Dept. of Justice, Washington, D.C., and Willard Smith, Atty., Robert E. Connoly, Atty., Dept. of Justice, Philadelphia, Pa., for appellee.

Before BECKER, STAPLETON and GARTH, Circuit Judges.

## OPINION OF THE COURT

BECKER, Circuit Judge.

Alvin H. White II, Charles J. Carite, and Atlantic Disposal Service, Inc. ("ADS"), a trash collection company that White and Carite control, appeal the sentences imposed upon them after they pled guilty to a scheme to defraud the United States by submitting rigged bids for trash collection at Fort Dix, New Jersey. The negotiated pleas, entered on December 8, 1987, after six days of trial in the district court for the district of New Jersey, were to two counts

of conspiracy to restrain trade in violation of the Sherman Antitrust Act, 15 U.S.C. § 1 (1982). The first count, contained in indictment No. 87–77, involved a scheme to rig bids in 1983 and 1984; the second count, contained in indictment No. 87–76, involved a scheme to rig bids in 1986.[1] The district court spared White and Carite prison terms, but fined each man $350,000 and ordered both to perform community service.[2] ADS was fined a total of $2,000,000. The district court also determined, pursuant to section 2 of the Criminal Fine Enforcement Act of 1984 ("CFEA"), Pub.L. No. 98–596, § 2, 98 Stat. 3134, 3134 (1984) (codified at 18 U.S.C. § 3565(b)(2) note (Supp. V 1987)), that the defendants were required to pay interest on the $100,000 fine imposed for the 1986 bid rigging scheme, indictment No. 87–76. No interest was assessed on the fine imposed in No. 87–77 because, as explained below, section 2 of the CFEA applies only to crimes committed after December 31, 1984.[3]

■ We find the defendants' principal contentions on appeal—that the sentences violated the eighth amendment's proportionality requirement as expounded in *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), and that the district court abused its discretion in denying their Rule 35 motion for reduction of sentence—to be legally frivolous.[4] The more difficult question, which we will address in this opinion, is whether the district court erred in imposing interest on the fines arising out of the 1986 bid rigging scheme.

■ Plaintiffs contend that the CFEA interest provision (section 2) is inapplicable to them because it was repealed as of November 1, 1987 by the Sentencing Reform Act ("SRA"). For the reasons that follow, we hold that section 2 of the CFEA has not been repealed in full by the SRA but continues to apply to all crimes committed between December 31, 1984 (the effective date of section 2 of the CFEA) and November 1, 1987 (the effective date of the SRA). Because the criminal scheme with respect to which interest was imposed here took place between those two dates, we will affirm the judgment of the district court imposing interest. As we explain below, however, and at the suggestion of the government, we will remand with instructions to vacate fines erroneously imposed against White and Carite on the count involving the 1983 and 1984 contracts (No. 87–77) because those fines were imposed pursuant to a statutory provision that was not operative during the time the crimes were committed on those counts.

## I. *Statutory History*

On October 12, 1984, Congress enacted the SRA. While the Act is best known for its attention to disparity in sentencing, it was a product of extensive research that revealed numerous inadequacies in the federal criminal justice system, one of which was the criminal fine collection system. Prior to the SRA there was no provision for collecting interest on criminal fines. The

---

1. In addition to charging the defendants with the Sherman Act conspiracy counts, the indictments charged the defendants with defrauding and conspiring to defraud the United States in violation of 18 U.S.C. §§ 287 and 1001 (1982).

2. The fine breakdown was $100,000 each on indictment No. 87–76 and $250,000 each on No. 87–77. The order was entered on March 30, 1988. *See infra* at 1212.

3. Because the scheme to which the appellants pled guilty took place prior to November 1, 1987, the effective date of the Sentencing Reform Act of 1984, Pub.L. No. 98–473, 98 Stat. 1837, 1987 (1984), the sentencing guidelines do not apply to this case.

4. Appellants pled guilty to serious crimes. The offenses carried a possible penalty of six years in prison. Instead of incarceration, the district court chose to impose fines and community service. Thus, the sentences were far less harsh than they might have been. Also, the record supports the district court's finding that the defendants had the ability to pay the fines imposed. In light of the serious nature of the criminal conduct involved, the lack of a prison sentence, and appellants' ability to pay the fines, the sanctions imposed are not disproportionate, and the district court did not abuse its discretion by refusing to reduce them. The appellants' analysis of published decisions in antitrust cases, which we have examined with care, fails to demonstrate that appellants' sentences are either extraordinary or disproportionate.

relevant fine provision in effect at that time read as follows:

> [I]n all criminal cases in which judgment or sentence is rendered, imposing the payment of a fine or penalty, whether alone or with any other kind of punishment, such judgment, so far as the fine or penalty is concerned, may be enforced by execution against the property of the defendant in like manner as judgments in civil cases. Where the judgment directs imprisonment until the fine or penalty imposed is paid, the issue of execution on the judgment shall not discharge the defendant from imprisonment until the amount of the judgment is paid.

18 U.S.C. § 3565 (1982) [hereafter "old section 3565"].

In drafting the SRA, Congress tried to bolster federal fine collection mechanisms. The most significant innovations were contained in section 212 of the SRA, 98 Stat. at 1987, codified at 18 U.S.C. § 3612(f) (1987), which provides for interest on criminal fines. Section 235(a)(1) of the Act established November 1, 1986 as the effective date for the SRA as a whole. This date was subsequently changed to November 1, 1987 by section 4 of the Sentencing Reform Amendments Act of 1985, Pub.L. No. 99–217, § 4, 99 Stat. 1728, 1728 (1985). Thus, section 212 of the SRA went into effect on November 1, 1987 and is currently the law. If one is convicted of a crime today, the fine imposed will be governed pursuant to section 212 of the SRA, and interest will be imposed accordingly.

Apparently, Congress did not want to wait a full two (and as it turned out three) years to implement the new fine collection system. It enacted section 238 of the SRA, 98 Stat. at 2034, in order to make interim improvements. Section 238(a) added chapter 228 to the United States Code. Within this chapter was 18 U.S.C. § 3595, 98 Stat. at 2037, an interest on fines provision. In order to avoid ambiguity with the old law, Congress repealed the old criminal fine provision (which, as noted, contained no interest provision). Section 238(g)(1) stated that "[s]ection 3565 [quoted above] of title 18, United States Code, is repealed." 98 Stat. at 2039. Elsewhere in the SRA, Congress codified a new section 3565, but it addresses a different subject—probation. *See* 98 Stat. at 1995.

SRA section 238 thus created a precursor to the fine collection system outlined in SRA section 212. It is logical to assume that Congress intended this alternative system to go into effect before the SRA's primary fine collection scheme (section 212), but Congress failed to say when, before November 1, 1986, the alternative system would go into operation.[5] Congress did provide for the future repeal of the alternative system in section 238(i), which stated that section 238 would be repealed as of November 1, 1986, the date on which the permanent fine collection system was to go into effect. However, that repeal is meaningless if the section never went into effect.[6] Given that the only explicit indication we have of when section 238 became operative is contained in section 235(a)(1), which implements the Act as a whole, we are left with a situation in which the interim fine collection prospectively repealed itself on the same day that it would have become effective.

Two weeks after the SRA was enacted, Congress attempted to remedy this problem by passing the CFEA. Section 12(a)(1) of the CFEA repealed chapter 228 of the United States Code, which was contained in section 238(a) of the SRA. Thus the tem-

---

**5.** SRA section 235(a)(1), which establishes November 1, 1986 as the effective date for the Act as a whole, explicitly exempts numerous provisions from the November 1, 1986 date, but section 238 is not one of them.

**6.** Congress may have wanted § 238 to go into effect immediately, but in order for us to hold that § 238 became operative immediately, we would not only have to find such an intention implicit in the statute, we would have to overrule the express language of § 235(a)(1), which implements the SRA as of November 1, 1986.

Such statutory interpretation is unnecessary in this case. As discussed below, it is clear that the CFEA repeals SRA § 238 as of December 31, 1984, and the conduct at issue in this case took place well after that date. Therefore, the date § 238 went into effect, if it went into effect, is irrelevant to our decision. If, at some point in the future, a convicted defendant is being fined for a crime committed between October 12, 1984 and December 31, 1984, some court may have to rule on this issue.

porary interest provision in Chapter 228 apparently never went into effect. *See supra* note 6. Section 12(a)(7) of the CFEA reprinted the text of the old section 3565 and codified it at 18 U.S.C. § 3565 (thereby creating a second statutory provision codified under that number) and section 2 of the CFEA amended the revised section 3565, with a provision requiring the payment of interest on all fines not immediately paid to the court.[7] The CFEA provision requires that "the interest shall be computed on the unpaid balance at the rate of 1.5 percent per month." 98 Stat. 3134, 3135 [hereafter "the interim section 3565"]. In addition, section 12(a)(9) of the CFEA expressly repealed SRA section 238(i) (which stated that section 238 would be repealed as of November 1, 1986). *See* 98 Stat. at 3140.

The CFEA amendments and partial repeal of the SRA just described went into effect almost immediately. Section 10 of the CFEA provided that "the amendments made by sections 2 through 9 of this Act shall apply with respect to offenses committed after December 31, 1984." 98 Stat. at 3138. These CFEA clarifications applied to SRA section 238, the *interim* fine collection provision. The CFEA was not meant to affect section 212 of the SRA. *See* 130 Cong.Rec. H12,267 (daily ed. Oct. 11, 1984).

If the foregoing description borders on the dizzying, at least the legislative history surrounding the passage of the CFEA and the SRA helps clarify Congress' intent. The original version of the CFEA (House Resolution 5846) did not revive the old section 3565 or repeal section 238(i). *See* 130 Cong.Rec. 21,486–91 (1984). However, on October 11, 1984, one day prior to President Reagan's approval of the SRA, both the House and the Senate offered amendments adding section 12 (and thus old section 3565) to the CFEA. *See* 130 Cong.Rec. H12268, S14458 (daily ed. Oct. 11, 1984). Representative Boucher explained the significance of these amendments as follows:

The Senate amendments add ... new sections to the [CFEA], ... which are necessitated by the crime measures included in the [SRA].... Section 12 of the bill *reverses the effect of certain amendments to the current criminal code made by [the SRA].* Those amendments were intended to be transitional, and their effect will expire on the effective date of the new sentencing provisions of [the SRA]. They are, however, inconsistent with the provisions of the [CFEA] and considered inferior by all interested parties. Thus, *this section returns current law to the status quo, so that it can be properly amended by H.R. 5846.*

130 Cong.Rec. H12,267 (daily ed. Oct. 11, 1984) (emphases added). Representative Boucher's statement confirms that the SRA's interim measures (section 238) were superseded by the CFEA's interim measures (sections 2 through 9), which were in turn superseded by the final SRA provisions (section 212). The Sentencing Act of 1987 makes this even more clear by stating that the SRA (not the CFEA) applies to all crimes committed after November 1, 1987 (when the SRA went into effect). *See* Pub.L. No. 100–182, § 2(a), 101 Stat. 1266, 1266.

## II. *Statutory Construction*

Defendants note that SRA section 238(g)(1) repealed the interim section 3565 on November 1, 1987, the effective date of the SRA as a whole. Consequently, defendants argue, the district court erred by applying interim section 3565 after November 1, 1987, because that provision ceased to exist after its repeal. We find no error. We hold that interim section 3565 (of the CFEA) ceased to operate on crimes *committed* after November 1, 1987, but that it still operates for crimes committed between December 31, 1984 and November 1, 1987. SRA section 238(g)(1) repealed inter-

---

7. Since the SRA was not scheduled to go into effect until November 1, 1986, Congress probably did not have to reprint the statute. Technically, § 3565 had not been repealed yet. Because of the SRA's ambiguity as to when the interim measures were supposed to go into effect, however, Congress may have wanted to

make clear that the provision they were about to amend still existed. When the SRA did go into effect on November 1, 1987, SRA § 238(g)(1) repealed the § 3565 having to do with criminal fines and the new § 3565, having to do with probation, became, and still is, operative.

im section 3565 as of November 1, 1987 and SRA section 212 applies to all crimes committed after that date.

Defendants assert that interim section 3565 (the CFEA's interest provision) has become completely inoperative, and would have us apply the law as it stood prior to 1984. Under this theory, if defendants had been convicted between December 31, 1984, and November 1, 1987, they could be charged with interest as provided for by the CFEA. However, since they were convicted after November 1, 1987, defendants argue that they cannot be charged with interest under either statute because the crime took place before the effective date of the permanent SRA fine provision, but the conviction for that crime came after the interest provision in interim § 3565 had been repealed.

We reject defendants' view because we see no reason to believe that Congress intended a convicted defendant's punishment to depend on the fortuitous date of his or her prosecution. Congress could not have intended to implement both interim and final provisions for interest on criminal fines, but leave a window of time in the middle during which neither provision might apply. This scenario is even more implausible when one realizes that the availability of such a window would not depend on anything the convicted defendant had done, but only on the happenstance of when the government brought the prosecution.

For the foregoing reasons, we conclude that interim section 3565, although repealed by the SRA, continues to apply to crimes committed between December 31, 1984 and November 1, 1987. Consequently, the district court correctly ordered interest to be paid on the portion of the appellants' fines pertaining to the 1986 conspiracy.

### III. *The Fines on No. 87–77*

Although the point was not raised by appellants, the government concedes that the district court inadvertently reversed the counts when it imposed the fines on White and Carite. The court thereby erroneously imposed a $250,000 fine on No. 87–77, the count dealing with the 1983–84 bid riggings, even though those events occurred before the statute authorizing such a fine became effective.[8] Concomitantly, the court imposed the $100,000 statutory fine on No. 87–76, which dealt with the 1986 bid riggings, although it could have imposed a $250,000 fine on that count. *See supra* n. 8. The government notes that this result is contrary to the understanding evinced by the district court in the guilty plea colloquy, at which time the court indicated that a $250,000 fine could (or would) be imposed on No. 87–76.

The government's concession is as follows:

[T]he United States has recently discovered that the district court made an inadvertent error when he imposed an alternative fine pursuant to 18 U.S.C. 3623(a) on appellants White and Carite. Section 18 U.S.C. § 3623(a), which has been replaced by 18 U.S.C. § 3571, authorized a district court to impose an alternative fine of either $250,000, or twice the gain to defendants or loss to the victims. Like interim Section 3565 previously discussed, Section 3623(a) applies to offenses committed after December 31, 1984 but before November 1, 1987 (Pub.L. No. 98–596, §§ 10, 98 Stat. 3138).

In this case, indictment No. 87–76 charged an offense that occurred after December 31, 1984 but before November 1, 1987 and the district court plainly intended to rely on the alternative fine provision of 3623(a) when he sentenced appellants White and Carite on this indictment. But while the district court intended to impose a fine pursuant to 3623(a) (*see* Supp.App. 10–11), it mistakenly referred to indictment No. 87–77 rather than indictment No. 87–76 (App. 104a). Indictment No. 87–77 does not charge an offense that occurred between the relevant dates when Section 3623(a)

---

**8.** 18 U.S.C. § 3623(a) authorized a district court to impose an alternative fine of either $250,000 or twice the gain to defendants or loss to the victims. Like interim § 3565, § 3623(a) was

part of the CFEA amendments in operation between December 31, 1984 and November 1, 1987. (Pub.L. No. 98–596, § 10, 98 Stat. 3138.)

was effective. Appellants have never contended that their *total* fines were outside permissible statutory limits, or that the alternative fine provision was inapplicable to indictment No. 87–76. Indeed, everyone understood that to be the case, and no mention of this inadvertent error has ever been made in any of appellants' voluminous sentencing pleadings, at any of the hearings before the district court or in appellants' briefs in this Court.

Appellee's Br. at 37–38.

The government is correct. Under the circumstances, we will remand the case to the district court with the direction that it vacate the portion of its judgments that the government concedes is erroneous, i.e. the fines imposed on White and Carite on No. 87–77. The district court should also consider the matter of resentencing.[9] *Cf. United States v. Busic*, 639 F.2d 940, 953 (3d Cir.), *cert. denied*, 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422 (1981). In all other respects, the judgment of the district court will be affirmed. The mandate shall issue forthwith.

---

9. The district court's inadvertent error in imposing a fine pursuant to section 3623(a) does not affect the judgment against corporate appellant ADS.