UNITED STATES, Appellee,

v.

George CHAPDELAINE, Defendant, Appellant.

No. 93–1792.

United States Court of Appeals, First Circuit.

Submitted Feb. 15, 1994.

Decided May 2, 1994.

the final vote.

George Chapdelaine, on brief pro se.

Edwin J. Gale, U.S. Atty. and Michael P. Iannotti, Asst. U.S. Atty., Providence, RI, on brief for appellee.

Before BREYER, Chief Judge, BOUDIN and STAHL, Circuit Judges.

PER CURIAM.

George Chapdelaine is appealing the district court's order applying $22,300.46, which was seized from his room during a search in 1991, toward Chapdelaine's outstanding criminal fine. We affirm.

In 1985, Chapdelaine was convicted of a drug offense, and the district court imposed imprisonment and a $10,000 fine on him. In 1993, the government moved to apply the proceeds of the cash it had seized to the fine and the interest that had accumulated thereon. As of May 1993, Chapdelaine owed a balance of $9,571.75 on the fine, and the government claimed interest of $13,338.59, for a total of $22,910.34. At a hearing, the government claimed that the Criminal Fine Enforcement Act of 1984, formerly codified at 18 U.S.C. § 3565(c)(1), required interest to be assessed on Chapdelaine's outstanding criminal fine, and submitted a copy of the statute to the court.

Chapdelaine denied that any statute authorized interest on criminal fines prior to 1987. He told the court that some of the money seized by the government had come either from his pension or from work he had performed after being released from prison; he also acknowledged that some of the money represented gambling proceeds. He argued that it would be unfair for the government to apply funds he had earned toward his fine. Finally, he said that the fine should never

have been imposed in 1985 since he was indigent at that time.

In response to Chapdelaine's arguments, the court stated that the question of Chapdelaine's ability to pay the fine when imposed had been "resolved long since." It sought to ascertain how Chapdelaine could have acquired such a large sum of money by 1991 when he had told the court in 1990 that he was indigent. It expressed its doubt that the money found in Chapdelaine's room represented his savings since 1990,[1] and noted that Chapdelaine had had many opportunities to contest the fine and to seek its remission in court. The court said that in fairness Chapdelaine should pay the fine, particularly in view of the fact that Chapdelaine's challenges to his fine had been underwritten by taxpayers whose taxes fund the court system. Accordingly, the court ordered the seized money applied to satisfy both Chapdelaine's fine and the interest thereon.

■ Chapdelaine makes several arguments on appeal, none of which have merit. First, he says that the court did not rule on the question whether interest could be assessed on a criminal fine imposed in 1985, and that the court had no authority to assess interest on the original fine. Although the court did not specifically hold that statutory authority existed for assessing interest, by granting the government's motion it clearly indicated that it had accepted the government's argument that interest was authorized under the Criminal Fine Enforcement Act of 1984 ("Act"). Moreover, as Chapdelaine acknowledges, in *United States v. Atlantic Disposal Service, Inc.,* 887 F.2d 1208, 1209–11 (3d Cir.1989), the Third Circuit analyzed the criminal fine statutes in existence for the 1984–87 time period and concluded that the interest provision of the Act applied to crimes committed between December 31, 1984 and November 1, 1987. *See also United States v. Finley,* 783 F.Supp. 1123, 1126 (N.D.Ill.1991) (applying that provision to a fine imposed for a crime committed before November 1, 1987).

1. According to an undated personal financial statement in the record, which apparently reflected Chapdelaine's financial status as of late 1989, Chapdelaine was receiving $758/month in social security and veterans pension benefits and had monthly expenses totalling approximately $710.

Although Chapdelaine appears to question the court's analysis of Congressional intent, his argument apparently relates to a different statute, section 238 of the Sentencing Reform Act, which had also provided for interest on fines, but which had been repealed by the Act. *See Atlantic Disposal Service, supra,* 887 F.2d at 1210 & n. 6. We accept the Third Circuit's analysis in this case and agree that the interest provision of the Act, which applied to offenses committed after December 31, 1984, *see* P.L. No. 98–596, § 10, 1984 U.S.C.C.A.N. (98 Stat.) 3138, and was not repealed until November 1, 1987, *see* 18 U.S.C. §§ 3561–3580 (Supp. V 1988) (note on repeal of Chapter 227), applied to the criminal fine imposed on Chapdelaine for his 1985 drug offense.

Second, Chapdelaine argues that the district court erred by failing to consider his claim that the fine was illegal when imposed because he was indigent. The court did consider that claim, but rejected it, because that question had already been decided against Chapdelaine in previous proceedings. Chapdelaine does not dispute that prior court proceedings had determined that he could pay the fine as of the time it was imposed. The record does not indicate whether Chapdelaine challenged his fine in appealing his conviction to this court or whether his subsequent motion to reduce the fine alleged inability to pay at the time he was sentenced. In any event, in reviewing Chapdelaine's motion to remit his fine in 1990 the court squarely considered and rejected Chapdelaine's claim that he had been indigent in 1985 when the fine was imposed on him;

Chapdelaine did not appeal that determination.[2]

Finally, Chapdelaine suggests that the court granted the government's motion in order to punish him for seeking redress of his grievances in court. The transcript of the hearing indicates quite clearly that the court had no punitive intent, but that its purpose in describing Chapdelaine's recourse to the courts was to demonstrate that there was no unfairness in requiring him to pay his fine.

Although Chapdelaine raises additional arguments, we decline to consider them, either because they were not raised in his initial brief, or because they were not presented to the district court. *See Playboy Enterprises v. Public Service Commission of Puerto Rico,* 906 F.2d 25, 40 (1st Cir.), *cert. denied,* 498 U.S. 959, 111 S.Ct. 388, 112 L.Ed.2d 399 (1990) (an appellant waives issues not adequately raised in its initial brief); *United States v. Curzi,* 867 F.2d 36, 44 (1st Cir.1989) ("It has long been the practice in this circuit that an issue not presented in the district court will not be addressed for the first time on appeal.").

*Affirmed.*

---

2. The docket sheet from Chapdelaine's underlying conviction indicates that his conviction (and presumably sentencing) had been affirmed in 1986, and that soon thereafter he filed a motion for a reduction of his sentence. The docket sheet indicates that the court's order denied his request to reduce his fine and to remit a special assessment which had also been imposed on him, but does not make clear what grounds Chapdelaine had alleged in support thereof. In 1990, after Chapdelaine was released from prison, a hearing was held on a motion he brought to remit his fine, and Chapdelaine testified that he could not pay the fine at that time. The magistrate agreed, but concluded that Chapdelaine's "claim of indigency at the time of his arrest is inconsistent with the facts of his case, ... wherein [he] was found at the time of his arrest with

$6,000 in his suitcase" (citing *United States v. Chapdelaine,* 616 F.Supp. 522 (D.R.I.1985), *aff'd,* 795 F.2d 75 (1st Cir.1986) (table)). The magistrate also recommended dismissal of Chapdelaine's motion to remit to the extent it was based on the claim that the sentencing judge had not considered the factors in 18 U.S.C. § 3622 in imposing the fine, because the motion was untimely; he also found that no other statutory basis for remitting the fine existed. After Chapdelaine failed to object, the court issued an order accepting the magistrate's report and recommendation. Subsequently, however, a hearing was held on the report, and Chapdelaine again testified, apparently only as to his ability to then pay the fine. The court thereafter denied his motion to remit his fine since there was no statutory basis for doing so. Chapdelaine did not appeal.