70 F.3d 1252
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Vincent J. PICCIRILLI, Plaintiff, Appellant,
v.
UNITED STATES of America, Defendant, Appellee.
 No. 95-1583.
 United States Court of Appeals, First Circuit.
 Dec. 6, 1995.
 
 Appeal from the United States District Court for the District of Rhode Island [Hon. Francis J. Boyle, Senior U.S. District Judge]
 Vincent J. Piccirilli on brief pro se.
 Sheldon Whitehouse, United States Attorney, Margaret E. Curran and Charles A. Tamuleviz, Assistant United States Attorneys, on brief for appellee.
 D.R.I.
 AFFIRMED.
 Before SELYA, STAHL and LYNCH, C.J.
 PER CURIAM.
 
 
 1
 Petitioner Vincent J. Piccirilli appeals the district court denial of his motion to vacate and/or correct judgment, pursuant to 28 U.S.C. Sec. 2255. We affirm.
 
 
 2
 Petitioner contends first that his fine for cost of incarceration, pursuant to U.S.S.G. Sec. 5K1.2(i), and the interest assessed on that fine should be modified because the fine imposed exceeds the actual cost of his confinement. In fact, a fine imposed pursuant to section 5K1.2(i) is "meant to penalize ... criminal actions, not to pay the bills [of the prisoner]." United States v. Price, 65 F.3d 903, 908 n. 7 (11th Cir.1995). While based on a general estimate of the costs of confining a prisoner, the fine serves several purposes beyond the recoupment of expenses, such as compensating victims of crime, providing for just punishment proportional to the seriousness of the offense and deterring others from similar conduct. See id. at 909; United States v. Zakhor, 58 F.3d 464, 465 (9th Cir.1995); United States v. May, 52 F.3d 885, 892 (10th Cir.1995); United States v. Leonard, 37 F.3d 32, 40 (2d Cir.1994); United States v. Turner, 998 F.2d 534, 536 (7th Cir.), cert. denied, 114 S.Ct. 639 (1993); United States v. Hagmann, 950 F.2d 175, 187 (5th Cir.1991), cert. denied, 113 S.Ct. 108 (1992). Petitioner's claim that we treat this fine simply as a means of allowing the government to recoup its actual expenses for incarcerating particular individuals is thus without merit.
 
 
 3
 Petitioner also claims that interest was improperly assessed on his fine for willfully filing false income tax returns. However, since his offense was committed between December 31, 1984 and November 1, 1987, the district court was correct in assessing interest pursuant to the Criminal Enforcement Act of 1984, 18 U.S.C. Sec. 3565(b)(1) (repealed 1987). See United States v. Chapdelaine, 23 F.3d 11, 13 (1st Cir.1994); United States v. Atlantic Disposal Serv., Inc., 887 F.2d 1208, 1211 (3d Cir.1989).
 
 
 4
 Affirmed. See 1st Cir. Loc. R. 27.1.