USCA1 Opinion

 

 December 6, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1583  VINCENT J. PICCIRILLI, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Francis J. Boyle, Senior U.S. District Judge] __________________________ ____________________ Before Selya, Stahl and Lynch, Circuit Judges. ______________ ____________________ Vincent J. Piccirilli on brief pro se. _____________________ Sheldon Whitehouse, United States Attorney, Margaret E. Curran __________________ ___________________ and Charles A. Tamuleviz, Assistant United States Attorneys, on brief ____________________ for appellee. ____________________ ____________________ Per Curiam. Petitioner Vincent J. Piccirilli appeals __________ the district court denial of his motion to vacate and/or correct judgment, pursuant to 28 U.S.C. 2255. We affirm. Petitioner contends first that his fine for cost of incarceration, pursuant to U.S.S.G. 5K1.2(i), and the interest assessed on that fine should be modified because the fine imposed exceeds the actual cost of his confinement. In fact, a fine imposed pursuant to section 5K1.2(i) is "meant to penalize . . . criminal actions, not to pay the bills [of the prisoner]." United States v. Price, 65 F.3d 903, 908 ______________ _____ n.7 (11th Cir. 1995). While based on a general estimate of the costs of confining a prisoner, the fine serves several purposes beyond the recoupment of expenses, such as compensating victims of crime, providing for just punishment proportional to the seriousness of the offense and deterring others from similar conduct. See id. at 909; United States ___ __ _____________ v. Zakhor, 58 F.3d 464, 465 (9th Cir. 1995); United States v. ______ _____________ May, 52 F.3d 885, 892 (10th Cir. 1995); United States v. ___ ______________ Leonard, 37 F.3d 32, 40 (2d Cir. 1994); United States v. _______ ______________ Turner, 998 F.2d 534, 536 (7th Cir.), cert. denied, 114 S. ______ ____ ______ Ct. 639 (1993); United States v. Hagmann, 950 F.2d 175, 187 ______________ _______ (5th Cir. 1991), cert. denied, 113 S. Ct. 108 (1992). ____ ______ Petitioner's claim that we treat this fine simply as a means of allowing the government to recoup its actual expenses for incarcerating particular individuals is thus without merit. -2- Petitioner also claims that interest was improperly assessed on his fine for willfully filing false income tax returns. However, since his offense was committed between December 31, 1984 and November 1, 1987, the district court was correct in assessing interest pursuant to the Criminal Enforcement Act of 1984, 18 U.S.C. 3565(b)(1) (repealed 1987). See United States v. Chapdelaine, 23 F.3d 11, 13 (1st ___ _____________ ___________ Cir. 1994); United States v. Atlantic Disposal Serv., Inc., _____________ ______________________________ 887 F.2d 1208, 1211 (3d Cir. 1989). Affirmed. See 1st Cir. Loc. R. 27.1. ________ ___ -3-