07-5189-cv
Wabtec Corporation v. Faiveley Transport Malmo AB

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2007

(Submitted: April 8, 2008                    Decided: May 2, 2008)

Docket No. 07-5189-cv

----------------------------------------------------x

WABTEC CORPORATION,

Defendant-Appellant,

-- v. --

FAIVELEY TRANSPORT MALMO AB,

Plaintiff-Appellee.

----------------------------------------------------x

B e f o r e :  WALKER, CABRANES, and RAGGI, Circuit Judges.

Appeal by defendant-appellant Wabtec Corporation from an order entered in the United States District Court for the Southern District of New York (Jed S. Rakoff, Judge), denying Wabtec's motion to dismiss plaintiff-appellee Faiveley Transport Malmo AB's application for preliminary injunction and expedited discovery. Faiveley cross-moves to dismiss on the ground that this court lacks jurisdiction to hear the appeal. Because the district court's order is not an appealable interlocutory order under the collateral order doctrine or the Federal Arbitration Act, we lack jurisdiction over the appeal.

Cross-motion GRANTED; Appeal DISMISSED.

Daniel K. Winters, Reed Smith LLP (James C. Martin and Colin E. Wrabley, Reed Smith LLP, on the brief), New York, N.Y., for Defendant-Appellant.

A. John Mancini, Mayer Brown LLP, New York, N.Y., for Plaintiff-Appellee.

JOHN M. WALKER, JR., Circuit Judge:

Defendant-Appellant Wabtec Corporation ("Wabtec") appeals from an order of the United States District Court for the Southern District of New York (Jed S. Rakoff, Judge), denying Wabtec's motion to dismiss plaintiff-appellee Faiveley Transport Malmo AB ("Faiveley")'s application for preliminary injunction and expedited discovery. Faiveley cross-moves to dismiss on the ground that this court lacks jurisdiction to hear the appeal. We agree with Faiveley that the district court's order is not appealable under the collateral order doctrine or the Federal Arbitration Act. We therefore grant the cross-motion and dismiss the appeal.

## BACKGROUND

In December 1993, Wabtec, a designer and manufacturer of railcar braking systems, entered into a license agreement permitting it to use, manufacture, and sell certain braking technology developed and owned by Faiveley's predecessor-in-interest. The agreement contained a "competent jurisdiction" clause, which provided that "[a]ny dispute arising out of or in

-2-

connection with this agreement shall be finally settled by arbitration without recourse to the courts. . . . The arbitration proceedings shall be held in Stockholm."

Despite Faiveley's termination of the license agreement in December 2005, Wabtec allegedly continued to use, manufacture, and distribute the braking technology. Based on the unauthorized use of its intellectual property, on October 18, 2007, Faiveley commenced an arbitration proceeding in Stockholm, Sweden. Faiveley also filed an "application," cf. 9 U.S.C. § 6; Productos Mercantiles e Industriales, S.A. v. Faberge USA, Inc., 23 F.3d 41, 46 (2d Cir. 1994), in the District Court for the Southern District of New York for a preliminary injunction to bar Wabtec from engaging in various commercial activities related to the licensed technology, and for expedited discovery in aid of a pending foreign arbitration. One week later, Wabtec moved to dismiss Faiveley's application on the ground that the district court lacked jurisdiction pursuant to the license agreement's "competent jurisdiction" clause. In November 2007, the district court denied Wabtec's "motion to dismiss,"[1] concluding that "when a contract is silent as to the availability of injunctions pending arbitration, a district court retains the power to

---

[1] Wabtec's filing is more appropriately labeled as an "opposition" to Faiveley's application. Cf. Termorio S.A. E.S.P. v. Electranta S.P., 487 F.3d 928, 939-41 (D.C. Cir. 2007); Productos Mercantiles, 23 F.3d at 46.

-3-

provide such relief."  Wabtec filed a timely notice of appeal.

In December 2007, Wabtec moved to stay the district court proceedings pending resolution of the appeal or, in the alternative, to expedite the appeal.[2]  In response, Faiveley cross-moved to dismiss Wabtec's appeal, arguing that this court lacks jurisdiction on the ground that the district court's denial of Wabtec's motion to dismiss is nonappealable because it is neither a final order nor an appealable interlocutory order.

**DISCUSSION**

Pursuant to 28 U.S.C. § 1291, "[t]he courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States."  Thus, federal appellate jurisdiction ordinarily "depends on the existence of a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978) (internal quotation marks and citation omitted).  But as the Supreme Court noted in Catlin v. United States, 324 U.S. 229, 236 (1945), "denial of a motion to dismiss, even when the motion is based upon jurisdictional grounds, is not immediately reviewable."  See also Almonte v. City of Long Beach, 478 F.3d 100, 105 (2d Cir. 2007) ("The denial of a motion to dismiss is ordinarily considered non-final, and therefore not immediately

---

[2]    In January 2008, an applications judge denied this motion.

-4-

appealable." (internal quotation marks and citation omitted)). The district court's denial of Wabtec's motion to dismiss for lack of jurisdiction does not constitute a final order that is appealable to this court because "it allows the litigation to continue," Lawson v. Abrams, 863 F.2d 260, 262 (2d Cir. 1988), leaving for the district court the adjudication of the merits of Faiveley's request for a preliminary injunction.

There are, however, exceptions to the final order rule, such as the collateral order doctrine and various statutes that permit appeals of interlocutory orders. Wabtec contends that the district court's November 2007 order is appealable under both the collateral order doctrine and sections 16(a)(1)(B) and (C) of the Federal Arbitration Act (FAA). We disagree.

**I.    The Collateral Order Doctrine**

The collateral order doctrine is "a narrow exception to the final order rule" that "allows an appellate court to review immediately a district court order affecting rights that will be irretrievably lost in the absence of an immediate appeal." United States v. Esposito, 970 F.2d 1156, 1159 (2d Cir. 1992). To fall within this "'small class' of decisions excepted from the final-judgment rule . . . , the order must [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment."

*Coopers & Lybrand*, 437 U.S. at 468.

Under the Supreme Court's decision in *Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495 (1989), the denial of Wabtec's motion to dismiss does not satisfy these requirements. Affirming this court's decision in *Chasser v. Achille Lauro Lines*, 844 F.2d 50 (2d Cir. 1988), the Supreme Court held that an interlocutory order denying a defendant's motion to dismiss on the basis of a contractual forum selection clause is not appealable under 28 U.S.C. § 1291 as a final judgment, *see Lauro Lines*, 490 U.S. at 498, nor is it immediately appealable under the collateral order doctrine, *see id.* at 498, 501. The Court declined to decide whether such an order satisfies the first two requirements of the *Coopers & Lybrand* test, because it fails in any event to satisfy the third requirement of effective unreviewability. *Id.* at 498. The Court reasoned that the order does not involve "an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial," *id.* at 499 (internal quotation marks and citation omitted), and it is therefore reviewable after the entry of a final judgment, *see id.* at 501; *see also Chasser*, 844 F.2d at 54 ("We see no reason why denial of a motion to dismiss on the basis of a contractual forum-selection clause should be any less subject to correction upon appeal from a final judgment than are denials of motions for dismissal on grounds of improper venue or of forum non conveniens.").

-6-

Wabtec argues that this case is distinguishable from Lauro Lines because it involves an arbitration clause, not a forum selection clause. But "[a]n agreement to arbitrate before a specified tribunal is, in effect, a specialized kind of forum-selection clause that posits not only the situs of suit but also the procedure to be used in resolving the dispute." Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 (1974). Lauro Lines therefore controls, and we lack jurisdiction under the collateral order doctrine to review the district court's denial of Wabtec's motion to dismiss.

**II. Federal Arbitration Act Section 16(a)(1)(B)**

The FAA expressly provides for the immediate appeal of certain interlocutory orders that are hostile to arbitration. Under 9 U.S.C. § 16(a)(1)(B), "[a]n appeal may be taken from an order denying a petition under section 4 of this title to order arbitration to proceed." Section 4 in turn provides that

> [a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action . . . for an order directing that such arbitration proceed in the manner provided for in such an agreement.

9 U.S.C. § 4. Wabtec contends that its motion to dismiss Faiveley's application for an injunction and for expedited discovery in aid of arbitration constituted a petition for an order directing arbitration in accordance with the license

agreement, and that the district court's denial of that petition is appealable under § 16(a)(1)(B). We disagree.

As Faiveley points out, that provision and its cross-reference to § 4 govern the denial of a petition to order arbitration proceedings that take place "within the district in which the petition for an order directing such arbitration is filed," id. – in this case, the Southern District of New York. Even if Wabtec's motion could somehow be construed as a petition seeking enforcement of the parties' arbitration agreement, the motion contemplated arbitration in Stockholm, Sweden, in accordance with the express terms of the license agreement. Wabtec concedes as much in its reply to Faiveley's cross-motion: "Wabtec's motion to dismiss here seeks enforcement of its exclusive right to international arbitration." Wabtec Reply at 10 (emphasis added). Thus, even if it is possible to construe Wabtec's motion as one seeking an order directing the parties to resolve their dispute by means of arbitration, the motion does not fall within the precise scope of § 4, and the district court's denial is therefore not appealable pursuant to § 16(a)(1)(B).

**III. Federal Arbitration Act Section 16(a)(1)(C)**

Wabtec also argues that the district court's order is appealable under 9 U.S.C. § 16(a)(1)(C), which states that "an appeal may be taken from an order denying an application under

-8-

section 206 of this title to compel arbitration." Section 206 authorizes a court of competent jurisdiction to "direct that arbitration be held in accordance with the agreement at any place therein provided for, whether that place is within or without the United States." Id. § 206. Wabtec claims that its motion to dismiss was effectively an application to compel arbitration because "referral to the arbitral forum is part of the relief it sought from the District Court." Wabtec Reply at 7.

The question of whether a motion to dismiss based on an arbitration clause can be construed as a motion to compel arbitration, and therefore as falling within the parameters of § 16(a)(1)(C), is one of first impression for this court. As the First Circuit has noted, "[t]he courts are divided as to whether a request to dismiss a case based on an arbitration clause should be treated as a request for an order compelling arbitration." Fit Tech, Inc. v. Bally Total Fitness Holding Corp., 374 F.3d 1, 5 (1st Cir. 2004). But "[c]ircumstances vary and one rule may not suit all cases." Id. at 6.

On the facts before it, the First Circuit in Fit Tech construed the appellant's motion to dismiss as a motion to compel arbitration and held that it had jurisdiction over the appeal of the district court order denying the motion. See id. The court found that the appellant had "clearly argued to the district court" that the agreement required all claims to be submitted for

arbitration and that the designated arbitrator "had sole authority to resolve all issues." Id.

Presented with different facts, the District of Columbia Circuit in Bombardier Corp. v. Nat'l R.R. Passenger Corp., 333 F.3d 250 (D.C. Cir. 2003), declined to construe a motion to dismiss as a motion to compel arbitration and held that it did not have jurisdiction under the FAA to hear the appeal of the denial of that motion. The court noted that, in the case before it,

> [appellant] did not base its motion to dismiss on the FAA's requirement that arbitration agreements be strictly enforced. It sought an outright dismissal . . . on the grounds that [appellee] failed to comply with the dispute resolution procedures. . . . [U]nlike a motion to compel . . . . under the FAA, [appellant's] motion exhibited no intent to pursue arbitration – indeed, it sought outright dismissal with no guarantee of future arbitration.

Id. at 254.

On the facts presented here, we decline to treat Wabtec's motion to dismiss as a motion to compel arbitration. As an initial matter, the Supreme Court has "emphasized that statutes authorizing appeals are to be strictly construed." Perry Educ. Ass'n v. Perry Local Educators' Ass'n, 460 U.S. 37, 43 (1983). Under the plain language of 9 U.S.C. § 16(a), the denial of a motion to dismiss based on an arbitration clause is not an order from which an appeal may be taken. Cf. Bombardier Corp., 333 F.3d at 253 (conducting a similar analysis).

More importantly, Wabtec's motion does not fall within the

-10-

terms of 9 U.S.C. § 206.  It did not explicitly request the district court to "direct that arbitration be held," 9 U.S.C. § 206; it requested only the dismissal of Faiveley's application for preliminary injunction and expedited discovery.  Nor did the motion implicitly petition the district court to compel arbitration.  Rather than affirmatively seek arbitration in accordance with the agreement, Wabtec's motion focused on preventing Faiveley from resolving any dispute in the courts, in accordance with the agreement's provision that disputes would be settled "without recourse to the courts."  In other words, Wabtec did not frame its arguments in terms of mandatory arbitration but in terms of judicial preclusion.  It reiterated that Faiveley "clearly and explicitly agreed that it would not have 'recourse to the courts' to resolve disputes," Wabtec Mot. to Dismiss at 1; that the license agreement contained a "clear and unequivocal" promise that the parties would not have recourse to the courts, id.; that this provision constituted "critical language," id. at 6; and that Faiveley's filing of an application for preliminary injunction was "in direct violation of [the agreement's] prohibition against 'recourse to the courts,'" id. at 3.  Thus, Wabtec's motion to dismiss was just that – a request for dismissal of Faiveley's application for preliminary injunction so that the dispute would be taken out of the courts, pursuant to the "critical language" of the agreement – and we will not

-11-

construe it as a request to compel arbitration. See Bombardier Corp., 333 F.3d at 254. Moreover, Wabtec's motion to dismiss argued that the district court lacked jurisdiction to do anything, including, one assumes, compel arbitration.

We further note that Faiveley had already commenced arbitration in Stockholm pursuant to the license agreement's competent jurisdiction clause, one week before Wabtec filed its motion to dismiss. Thus, there was no reason to compel Faiveley to arbitrate. Moreover, there is evidence that, far from seeking to compel arbitration, Wabtec had requested that the International Chamber of Commerce Court dismiss Faiveley's request for arbitration on the ground that Faiveley's claims were not covered by any arbitration agreement between the parties. See Faiveley Reply Ex. A.

Under these circumstances, Wabtec's motion to dismiss cannot be construed as a motion to compel arbitration, the denial of which is appealable pursuant to 9 U.S.C. § 16(a)(1)(C).

**CONCLUSION**

For the foregoing reasons, appellee's cross-motion is GRANTED and the appeal is DISMISSED for lack of jurisdiction.