Paul J. **FROMMERT**, et al., **Plaintiffs,**

v.

**Sally L. CONKRIGHT,
et al., Defendants.**

**00–CV–6311L**

United States District Court,
W.D. New York.

Signed December 1, 2016

George A. Schell, Jr., Schell & Schell, Fairport, NY, Peter K. Stris, Stris & Maher LLP, Gardena, CA, Robert H. Jaffe, Robert H. Jaffe & Associates, P.A., Springfield, NJ, Shaun P. Martin, San Diego, CA, Amber M. Ziegler, John A. Strain, Law Offices of John A. Strain, Manhattan Beach, CA, Matthew J. Fusco, Trevett, Cristo, Salzer & Andolina P.C., Rochester, NY, for Plaintiffs.

Margaret A. Clemens, Pamela S.C. Reynolds, Littler Mendelson, P.C., Fairport, NY, Amy Ventry–Kagan, Littler Mendelson, P.C., Melville, NY, Robert A. Long, Jr., Robert D. Wick, Covington & Burling LLP, Washington, DC, for Defendants.

## DECISION AND ORDER

DAVID G. LARIMER, United States District Judge

In this case under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1101 *et seq.*, this Court has granted certain relief to plaintiffs. Plaintiffs have moved for an award of attorney's fees under ERISA, pursuant to 29 U.S.C. § 1132(g)(1). Those motions are pending before the Court.

On November 28, 2016, plaintiffs filed three additional motions:

1. Motion for Clarification and/or Reconsideration of Decision on Prejudgment Interest ("Motion for Reconsideration") (Dkt. # 329);

2. Motion for an Extension of Time to Appeal Pursuant to FED. R. CIV. P. 58(e) (Dkt. # 330); and

3. Motion to Expedite Rule 58(e) Motion (Dkt. # 331).

The Motion for Reconsideration relates to the Court's decision entered on November 3, 2016 (Dkt. # 319), which granted in part and denied in part plaintiffs' motion for prejudgment interest (Dkt. # 284).

Based on the relief requested, plaintiffs' motion is in essence a motion to alter or amend the judgment under FED. R. CIV. P. 59. *See Barnes v. Harling*, No. 10–CV–6164, 2016 WL 5942830, at *1 (W.D.N.Y. Sept. 7, 2016). Therefore, pursuant to Rule 4(a)(4)(A)(iv) of the Federal Rules of Appellate Procedure, the time to appeal from the underlying order, regarding prejudgment interest, runs from the entry of an order disposing of the Motion for Reconsideration. The Court has issued a scheduling order on that motion (Dkt. # 333), giving defendants 30 days to respond to the motion. No further order from this Court is necessary at this time, then, relative to the parties' time to appeal from the Court's Decision and Order regarding prejudgment interest.

In their second motion, plaintiffs seek an order "declar[ing], pursuant to Rule 58(e), that the pending motion for attorney's fees have the same effect under Federal Rule of Appellate Procedure 4 as a timely motion under Rule 59." Plaintiffs' Mem. (Dkt. # 330–1) at 3. Apparently plaintiffs seek an order extending their time to appeal, beyond any decision on their Motion for Reconsideration, until their attorney's fee motions have been decided. Defendants oppose this motion (Dkt. # 334), arguing that the parties' interest in a speedy appeal outweighs the benefit of having all the issues in this case decided in a single appeal. Def. Mem. (Dkt. # 334) at 7.

Rule 58(e) provides that

[o]rdinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.

■ While matters concerning attorney's fees are generally treated as "collateral for finality purposes," Rule 58(e) permits a district court to delay the time to appeal "to avoid a piecemeal approach in the ordinary run of cases where circumstances warrant delaying the time to appeal." *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emps.*, —— U.S. ——, 134 S.Ct. 773, 781, 187 L.Ed.2d 669 (2014). I find that the pending motions for attorney's fees in this case should be treated as if they were Rule 59 motions, for precisely that reason.

This case has followed a long and tortuous path. Little purpose would be served by splitting up the pending motions and having the Court's decisions on those motions appealed piecemeal, with the attendant risk of separate appellate decisions, possibly separate remands, and further multiplication of this litigation. In light of the several pending issues concerning interest and attorney's fees, it makes sense and is prudent to extend the time to appeal until all these matters are decided by this Court. This seems consistent with the spirit of the final-order rule and the Second Circuit's pronounced reluctance to entertain piecemeal appeals. *See Citizens Accord, Inc. v. Town of Rochester*, 235 F.3d 126, 128 (2d Cir. 2000) (referencing "the 'historic federal policy against piecemeal appeals'") (quoting *Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980)); *Wabtec Corp. v. Faiveley Transport Malmo AB*, 525 F.3d 135, 138 (2d Cir. 2008) ("federal appellate jurisdiction ordinarily 'depends on the existence of a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment'") (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978)). The Court therefore grants plaintiffs' Rule 58(e) motion.[1]

## CONCLUSION

Plaintiffs' Motion for an Extension of Time to Appeal (Dkt. # 330) is granted. Pursuant to FED. R. CIV. P. 58(e), this Court treats plaintiffs' pending motions for attorney's fees as having the same effect under FED. R. APP. P. 4(a)(4) as a timely filed motion under FED. R. CIV. P. 59, with the result that the time to appeal from this Court's Decision and Order entered on January 5, 2016 does not run until the Court's issuance of an order disposing of the last remaining motion by plaintiffs for attorney's fees and plaintiffs' motion for

---

1. In defendants' memorandum in opposition to plaintiffs' motion to extend the time to appeal (Dkt. # 334, at 1), they state an intention to make interest payments "shortly." Perhaps as responsible fiduciaries, defendants now feel some obligation to pay the Plan's beneficiaries what is due them. This is a positive thing. But according to plaintiffs' just-filed Motion for Reconsideration, there are at least a dozen disputes between the parties as to the timing, rate of interest and sums due. Defendants' payment of interest now, according to their interpretation of the Court's November 3, 2016 Decision, and plaintiffs' acceptance of those monies, would not bar plaintiffs from recovering more money as interest, should this Court rule contrary to defendants' present interpretation of what is due plaintiffs as prejudgment interest.

reconsideration of the Court's decision on prejudgment interest.

Plaintiffs' Motion to Expedite (Dkt. # 331) is denied as moot.

IT IS SO ORDERED.